POSTEL and another, Respondents, vs. WEINHAGEN and others, Appellants.

*October 17 — November 7, 1893.*

*Change of venue: Convenience of witnesses: Practice: Discretion.*

1. Upon an application for a change of venue on the ground that the convenience of witnesses and the ends of justice would be promoted thereby, no procedure being prescribed by statute or rule, it is sufficient if the judge or court is satisfied by proof of some sort that a good cause for the change exists.
2. Where a change has been granted on that ground, this court will not reverse the order unless there has been a clear abuse of discretion.

APPEAL from the Circuit Court for *Milwaukee* County. The facts are sufficiently stated in the opinion.

For the appellants there was a brief by *C. A. Koeffler, Jr.,* attorney, and *James G. Flanders,* of counsel, and oral argument by *Mr. Koeffler.* They cited *Satterlee v. Groot,* 6 Cow. 33; *Onondaga Bank v. Shepherd,* 19 Wend. 10; *Constantine v. Dunham,* 9 id. 431; *Price v. Ft. Edward W. W. Co.* 16 How. Pr. 51; *Am. Exch. Bank v. Hill,* 22 id. 29; *Barnard v. Wheeler,* 3 id. 71; *Olivier v. Cunningham,* 51 Minn. 232; *Carpenter v. Continental Ins. Co.* 31 Hun, 78; *Brittan v. Peabody,* 4 Hill, 62.

For the respondents there was a brief by *John D. Wilson,* attorney, and *C. M. Scanlan,* of counsel, and oral argument by *Mr. Scanlan.*

ORTON, J.   The order appealed from is for changing the place of trial of this action from Milwaukee county to Grant county, for the reason that "the convenience of witnesses and the ends of justice will be promoted thereby."   The action was commenced in Grant county, and the place of trial changed to Milwaukee county, by reason of the last-named county being the place of the defendants' residence and of the business of the defendant corporation; and now the place of trial is changed back to Grant county, for the convenience of witnesses and the ends of justice.   The statute (sec. 2622, R. S.) under which this change of the place of trial was last made prescribes no procedure by affidavit or petition for such removal, and there is no rule of court upon the subject.   It is sufficient if the judge or court is satisfied by proof of some sort that a good cause for the change exists.   *Cartright v. Belmont,* 58 Wis. 370.   It rests in the sound discretion of the court to grant or refuse such removal, and this court should not reverse the order, in either case, unless there has been a clear abuse of such discretion.   *Lego v. Shaw,* 38 Wis. 401; *Ross v. Hanchett,* 52 Wis. 491; *Lynes v. Eldred,* 47 Wis. 426; *Meiners v. Loeb,* 64 Wis. 343.

It is a matter of some importance, in such case, where the subject matter of the suit is located, if it is local anywhere.   It would seem to be most convenient for the witnesses to have the case tried in or near such locality.   The subject matter of the suit is a toll bridge across the Wisconsin river, with one end in Grant county.   The plaintiffs were the owners of the bridge, and the defendants contracted to repair it and, while engaged in the work, to keep· it open for travel and safe for such purpose, and to indemnify the plaintiffs against any liability on account of any failure to perform such contract.   While they were so engaged in repairing the bridge, one Mrs. Thresher was injured while crossing the bridge, by reason of the failure

of the defendants to keep up the railings on the same and to keep the bridge safe for travel. The said Mrs. Thresher obtained a large judgment in said county of Grant against the plaintiffs for her personal injuries occasioned by such neglect of the defendants, which the plaintiffs have been compelled to pay, as well as a large amount of damages to her husband for the loss of her services occasioned by her injuries. These damages constitute the demand in this case. This is substantially the subject matter of the suit. The material witnesses must be able to testify to the condition of this bridge during the repairs. It would seem reasonable that the witnesses who knew and could testify to the most of the matter would be resident of Grant county or vicinity.

Besides the evidence afforded by the subject matter, the affidavits of the two plaintiffs and their attorney show that about thirty witnesses, whose testimony will be material, will be required to prove the cause of action, and that they all reside in Grant county or in the vicinity, and to whom it would be most convenient to have the action tried in that county. On the other hand, affidavits were presented on behalf of the defendants tending to show that they will require the attendance of an equal number of witnesses to testify in defense of the action, whose convenience would be best consulted by having the trial in Milwaukee county.

These were the facts upon which the court acted and granted the order for the change of the place of trial to Grant county; and they were sufficient, not only to show that the court did not abuse its discretion, but decided wisely on the *merits* of the application. It is sufficient that the court acted on evidence and its decision was judicial and not arbitrary. It is not our province to review such a decision, based upon apparent grounds. *Couillard v. Johnson*, 24 Wis. 533. The New York cases cited by the learned

counsel of the appellants to show that certain formalities are to be observed in presenting the facts to the court are not applicable. The statute may be the same, but the rules in that state prescribe the forms of the application, and we have no rule in that respect. *Cartright v. Belmont*, 58 Wis. 370.

*By the Court.*— The order of the circuit court is affirmed.