AGNES BARKER COLE, Respondent, *v.* OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, Appellant.

Third Department, July 2, 1917.

**Trial — venue — change of place of trial to place where transaction occurred.**

Where in an action brought in Chemung county on an accident policy, the defense is that the death of the insured from illuminating gas in the bathroom of a hotel in Dutchess county was suicidal, and the defendant names seven witnesses residing at said place by all of whom it expects to prove the facts and circumstances in connection with the death, and the plaintiff names fourteen witnesses residing at the former home of the insured, in the county where the action is laid, only one of whom had seen him within three months of his death, by whom she proposed to

establish his temperament, reputation, etc., and it appears that the insured prior to his death resided in New York city, a motion to change the place of trial to Dutchess county should be granted, especially where it does not appear that the plaintiff cannot produce more desirable and important witnesses as to the mental characteristics and temperament of the insured from the locality where he resided at the time of his death than are obtainable from Chemung county, and that the convenience of such witnesses cannot be much better served by the change of the place of trial.

Where a defendant has as many necessary and material witnesses in the county where the transaction occurred as the plaintiff has in the county where the action is commenced, the place of transaction or occurrence should control the place of the trial.

APPEAL by the defendant, Ocean Accident and Guarantee Corporation, Limited, from an order of the Supreme Court, made at the Tioga Special Term and entered in the office of the clerk of the county of Chemung on the 2d day of April, 1917, denying its motion to change the place of trial from Chemung county to Dutchess county.

*Robert H. Woody* [*Frederick W. Catlin* of counsel], for the appellant.

*Stanchfield, Lovell, Falck & Sayles* [*Halsey Sayles* of counsel], for the respondent.

COCHRANE, J.:

On the night of December 19, 1915, William Weedon Cole, the husband of the plaintiff, occupied room No. 52 in the Nelson House in the city of Poughkeepsie, Dutchess county, N. Y. About five o'clock on the following morning his dead body was found in the bathroom connecting with room 52. The latter room was dark and the door opening into the bathroom was closed but the electric light was burning in the bathroom. The bed had not been occupied. Illuminating gas was escaping with full force from a gas fixture attached to the wall of the bathroom. The key of the fixture was close fitting and moved with difficulty. The tip of the fixture had been removed. The cause of the death of Mr. Cole was asphyxiation, due to the illuminating gas.

On February 9, 1915, the defendant had issued a policy of insurance for the sum of $20,000 on the life of Mr. Cole

payable in case of his death to the plaintiff. This action is brought on such policy. The defense is that the death of Mr. Cole was suicidal.

The defendant names seven witnesses residing in Poughkeepsie by all of whom it expects to prove the facts and circumstances in connection with the death of Mr. Cole as above detailed. The necessity and materiality of these witnesses cannot be questioned.

The Special Term justice required as a condition of the denial of the motion a stipulation from the plaintiff as to certain facts, but such stipulation did not cover all the features or the essential features of the testimony which the defendant claims will be given by its proposed witnesses. The stipulation is silent as to the darkness of room 52 and the difficulty with which the key of the gas fixture was operated and the removal of the tip of the fixture and the volume of the escaping gas, all of which circumstances are properly to be considered by a jury. The stipulation, therefore, does not obviate the necessity of the production at ·the trial of any of the defendant's witnesses.

In opposition to the motion, plaintiff named fourteen witnesses, residents of Elmira, Chemung county, one of whom was her counsel. He took measurements and made an examination of room 52 after the death of Mr. Cole and will testify as to the same. By the other thirteen witnesses she proposes to establish that Mr. Cole had a cheerful and happy disposition; that his standing in his profession was high; and his business reputation good, and his temperament optimistic. These witnesses are cumulative and it is doubtful whether at the trial the plaintiff would produce or would be permitted by the court to examine more than half the number indicated. None of these proposed witnesses with one exception ·had seen Mr. Cole within three months of his death.

There is no evidence that the plaintiff resides in Chemung county. Formerly, for many years her husband had been general manager of a company in Elmira and the proposed witnesses of the plaintiff knew him and some of them worked under him in that capacity. When he left Elmira does not appear, but in his application for the policy in question about ten months before his death, he stated his address and that

of his wife as the Marie Antoinette Hotel, Kings county, N. Y., and stated his business as being located at 61 Broadway, New York city. His occupation was that of consulting engineer. The most natural and appropriate witnesses to establish the disposition and emotions of Mr. Cole averse to suicidal tendencies would be those who had associations or relations with him just prior to his death, and they would naturally in the absence of an explanation to the contrary come from New York city where he resided and conducted his business.

The defendant, therefore, has as many necessary and material witnesses in Dutchess county as the plaintiff has in Chemung county. In such a case the rule is too well settled to justify the citation of authorities that the place of the transaction or occurrence under investigation should control the place of the trial. And in addition to this feature of the case there is the additional feature that it does not appear that the plaintiff cannot produce more desirable and important witnesses as to the mental characteristics and temperament of Mr. Cole from the locality where he resided at the time of his death than are obtainable in Chemung county, and the convenience of such witnesses would much better be subserved by a trial in Dutchess county rather than in Chemung county.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs to abide the event.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide the event.