(No. 5489.   May 1, 1930.)

CLEVE SPAULDING, Respondent, v. WILLIAM HOOPS, Doing Business Under the Firm Name and Style of HOOPS CONSTRUCTION COMPANY, Appellant.

[287 Pac. 947.]

Hodgin & Hodgin, for Appellant.

Lewis A. Lee, for Respondent.

GIVENS, C. J.—Plaintiff was injured in a collision with one of defendant's trucks on the Yellowstone Highway in Madison county. In answer to his complaint seeking damages filed in the district court of Madison county, defendant moved for a change of venue to Twin Falls county on the ground that he, the defendant, was a resident of Twin Falls county. The district court, sitting for Madison county, ordered the cause removed.

Thereafter the plaintiff filed a motion in the district court of Twin Falls county asking that the cause be sent back to Madison county on the ground that the convenience of the witnesses and the ends of justice warranted such removal. The motion was granted and the cause ordered removed to Madison county. This appeal is from that order.

The granting or refusal of a change of venue under C. S. 6666 is within the discretion of the trial court and an order changing the place of trial or refusing to change it will not be disturbed in the absence of a manifest abuse of that discretion. (*Ondes v. Bunker Hill etc. Min. etc. Co.,* 40 Ida. 186, 232 Pac. 578; *Lessman v. Anschustigui,* 37 Ida. 127, 215 Pac. 460; *Gibbert v. Washington Water Power Co.,* 19 Ida. 637, 115 Pac. 924.)

C. S. 6664 provides that an action of this kind shall be tried in the county where the defendant resides. But defendant's right in this respect must give way when it is made to appear that the ends of justice and the convenience of witnesses would be promoted by a change of venue. (C. S. 6666.)

It appears from plaintiff's supporting affidavit that all of the matters complained of took place in Madison county;

that he has about thirteen witnesses each of whom will testify to some material fact, all residing in Madison county; that six of his witnesses are business or professional men whose occupation would make it difficult for them to leave Madison county for any extended period of time; that none of his witnesses can be compelled to attend if the action is tried in Twin Falls county, it being more than 175 miles from their respective places of residence; that plaintiff is not a man of means and could not afford to pay the expense of witnesses in Twin Falls county even if they could be induced to attend there.

Defendant's affidavit in opposition to the change alleges that he has four witnesses, one of whom would represent the State Highway Department, two residing in Twin Falls and the fourth in Rupert. The testimony of two of the witnesses, as set forth in the affidavit, would be cumulative.

At the most, on the showing made, defendant would have three material witnesses. Plaintiff would have at least seven. While, on a motion of this kind, the number of witnesses is not decisive, where the greater number reside in the county where the cause of action arose, upon proper motion, the action should be removed to that county if the ends of justice would be thereby promoted. (*Postel v. Weinhagen*, 86 Wis. 302, 56 N. W. 913; *Security Investment Co. v. Gifford*, 179 Cal. 277, 176 Pac. 444; *Sheffell v. Miller Transfer Co.*, 187 App. Div. 860, 176 N. Y. Supp 383; *Schwartz v. Wilbur*, 211 App. Div. 806, 206 N. Y. Supp. 852.)

We are satisfied that the convenience of the witnesses would be served by the removal of the cause to Madison county.

Likewise the ends of justice would be promoted. The accident occurred in Madison county. It would seem reasonable to assume that the witnesses residing in that county could testify best concerning the matters at issue. Plaintiff's witnesses cannot be compelled to attend if the cause is tried in Twin Falls county. (C. S., sec. 7985, as amended 1929 Sess. Laws, p. 50.) It is true that defendant's

witnesses who reside in Twin Falls or Rupert likewise cannot be compelled to attend if the trial is held in Madison county but to require the taking of their testimony by deposition would be much less burdensome than to impose such burden upon the plaintiff with his greater number of witnesses. (*Carr v. Stern,* 17 Cal. App. 397, 120 Pac. 35; *Cole v. Ocean Acc. etc. Corp.,* 179 App. Div. 442, 165 N. Y. Supp. 991; *Postel v. Weinhagen, supra.*)

The order is affirmed. Costs to respondent.

Budge, Lee, Varian and McNaughton, JJ., concur.