207 P.2d 503

**MOSCOW VETS CLUB, Inc. v. BISHOP et al.**

**No. 7473.**

Supreme Court of Idaho.

June 20, 1949.

Laurence E. Huff, Jack McQuade, Moscow, for appellant.

Paul C. Keeton, Lewiston, for respondents.

HOLDEN, Chief Justice.

July 21, 1947, Moscow Vets Club, a corporation, filed a complaint in the District Court of the Second Judicial District of the State of Idaho, in and for Latah County, against Fields Bishop, N. T. Branch, James Manning and Lyle Craig, to quiet title to certain cash on deposit with and in the vaults of a Moscow bank, including quieting title to certain furniture, fixtures, equipment and supplies.

August 11, 1947, said defendants filed motion to change the place of trial of said action from the Second Judicial District in and for Latah county to the District Court of the Tenth Judicial District in and for Nez Perce county. And on the same day said defendants filed written demand, demanding that the place of trial of said suit be so changed, filing in support of said motion and of said demand the affidavit of the said Fields Bishop from which affidavit it was made to appear that said affiant and said defendant James Manning were residents of Lewiston in said Nez Perce county and that the other defendants were residents of Spokane, Washington. On the day of the filing of the said motion, written demand and affidavit, the Club filed written demand that the place of the trial of the action be retained in said Latah county, and a counter motion for retention of venue in said Latah county, said last written demand for retention of venue being made upon the ground of the convenience of witnesses and furtherance of justice, also supported by affidavit.

October 24, 1947, an order was filed in the District Court in and for Latah county signed by the judge of said district court, Hon. A. L. Morgan, changing the place of trial of the cause from the said Second Judicial District in and for Latah county to said Tenth Judicial District in and for Nez Perce county.

November 12, 1947, Moscow Vets Club moved that the place of trial of the action be changed from the said Tenth Judicial District in and for Nez Perce county to said Second Judicial District in and for Latah county, said motion being made upon the ground of convenience of witnesses and furtherance of justice. And on the same day Moscow Vets Club also made and filed written demand for change of place of trial from said Nez Perce county to said Latah county on the ground of convenience of witnesses and furtherance of justice, the said motion and written demand being supported by affidavit, listing fourteen witnesses, stating briefly the matters which would be established by such witnesses, respectively. May 26, 1948, the motion of said plaintiff Moscow Vets Club to change the place of trial from Nez Perce county to said Latah county was denied. The appeal to this court is from said last mentioned order.

The record shows, without dispute, this controversy arose in Latah county; that a number of appellant's witnesses are business and professional men residing in that county; that appellant's witnesses include the city clerk of Moscow and the assessor of Latah county; that appellant is unable to pay mileage and witness fees and that the testimony of such witnesses is material.

Appellant relies upon Spaulding v. Hoops, 49 Idaho 289, 287 P. 947, and State ex rel. Merritt et ux. v. Superior Court, in and for Kitsap County, 147 Wash. 690, 267 P. 503. It appears Spaulding v. Hoops, supra, was an action for damages arising out of an

automobile accident in Madison county; that plaintiff Spaulding was injured in the accident; that he commenced his action in Madison county; that plaintiff Spaulding resided in that county and that defendant Hoops resided in Twin Falls county; that the district court, sitting for Madison county, ordered the cause removed to Twin Falls county; that thereafter plaintiff Spaulding moved in the district court of Twin Falls county that the cause be sent back to Madison county on the ground that the convenience of the witnesses and the ends of justice warranted such removal; that plaintiff Spaulding had some thirteen material witnesses, all of whom resided in Madison county that six were business and professional men; that none of Spaulding's witnesses could be compelled to attend if the action was tried in Twin Falls county on account of distance, and that plaintiff Spaulding was not a man of means and could not afford to pay the expense of the witnesses to attend a trial in Twin Falls county, even if the witnesses could be induced to attend.

In opposition to the removal of the cause for trial back to Madison county, it was shown by defendant Hoops that he had four witnesses, "one of whom would represent the State Highway Department, two residing in Twin Falls and the fourth in Rupert. The testimony of two of the witnesses, as set forth in the affidavit, would be cumulative"; that "At the most, on the showing made, defendant [Hoops] would have three material witnesses. Plaintiff [Spaulding] would have at least seven."

This court held [49 Idaho 289, 287 P. 948]: "The granting or refusal of a change of venue under C.S. § 6666 [now sec. 5-406, Ida. Code], is within the discretion of the trial court, and an order changing the place of trial or refusing to change it will not be disturbed in the absence of a manifest abuse of that discretion [citing cases]."

This court further held that: "While, on a motion of this kind [removal of cause for trial], the number of witnesses is not decisive, where the greater number reside in the county where the cause of action arose, upon proper motion, the action should be removed to that county if the ends of justice would be thereby promoted [citing cases].

"We are satisfied that the convenience of the witnesses would be served by the removal of the cause [back] to Madison county."

In State ex rel. Merritt v. Superior Court, supra, an action for the recovery of damages for personal injuries arising out of an automobile collision and where a change of the place of trial was also sought, the Washington court held [147 Wash. 690, 267 P. 505]:

"When the evidence is clear, unconflicting in the essentials, and points unerringly to one result, to refuse to follow it is what the law denominates an abuse of dis-

cretion, such as justifies this court in taking cognizance of the matter.

"The defendant's right to be sued in his home county is, as indicated by the trial court, a valuable right, and, other things being equal, it should not be denied, but, our statute notwithstanding that right, has provided for a change of the place of trial where the convenience of the witnesses or the ends of justice demand, and the rights so granted are as valuable as the other."

Here as in State ex rel. Merritt v. Superior Court, supra, the evidence is clear and unconflicting that the convenience of the witnesses and also that the ends of justice would be promoted by sending the cause back to Latah county for trial. Furthermore, no showing having been made in opposition to the motion and written demand to change the place of trial from Nez Perce county to Latah county, it was an abuse of discretion to refuse to grant the motion and order a change of place of trial. In other words, no showing in opposition to the motion and written demand having been made, there was no evidence to invoke the discretion of the court.

The order appealed from is reversed and the cause remanded with directions to grant the motion and written demand for change of place of trial from Nez Perce county to Latah county. Costs awarded to appellant.

GIVENS, PORTER and TAYLOR, JJ., and SUTPHEN, District Judge, concur.