ALBERT C. KRAFT et al., Respondents, v. JOHN A. VASSILAROS & SONS, INC., Respondent.— In the Matter of VERA G. MARINO, Appellant, v. GREAT AMERICAN MUTUAL INSURANCE Co. et al., Respondents.— In a negligence action to recover damages for personal injuries, etc., which was settled by stipulation upon the record, made during the course of trial, plaintiff's attorney appeals from an order of the Supreme Court, Queens County, dated October 1, 1973, which (1) denied her motion to compel defendant's insurance carrier to pay the amount of the settlement, in accordance with the stipulation, by three separate checks payable respectively to plaintiffs, a named lienor, and plaintiffs' attorney, but (2) granted her leave to move to restore the case to the trial calendar. Order reversed, without costs, and motion granted. However, the operation of this determination is stayed until 30 days after entry of the order to be made hereon, to afford plaintiffs an opportunity to institute a plenary suit to set the settlement aside, if they be so advised; and, if such plenary suit be commenced and prosecuted with due diligence, this stay, that is, of the delivery of the checks, shall continue until the determination of such suit. Special Term's memorandum decision stated in part that at the time of the settlement of the case the court and plaintiffs were not advised as to the amount of the debt due to the lienor and that therefore it would be inequitable and unfair to plaintiffs to grant the motion. However, the settlement constituted a contract which could not be set aside without a plenary suit (*Schweber* v. *Berger,* 27 A D 2d 840; *Finlayson* v. *Kellner Car & Limousine Serv.,* 30 A D 2d 676; *Dennison* v. *Maltz,* 35 Misc 2d 33). Shapiro, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

HENRY G. McCOMB et al., Respondents, v. HILTON HEIGHTS APARTMENTS, INC., et al., Appellants, et al., Defendants.— In an action, *inter alia,* to recover damages for breach of contract, defendants Hilton Heights Apartments, Inc., Celli and Dinolfo appeal, as limited by their brief, from so much of an order of Supreme Court, Kings County, dated September 25, 1972, as denied the branch of their motion which was for a change of venue from Kings County to Monroe County. Order reversed insofar as appealed from, with $20 costs and disbursements, and said branch of the motion granted. The number of material and necessary witnesses in Monroe County clearly outnumber those in Kings County and it would serve the convenience of the preponderance of the witnesses to change the venue to Monroe County (CPLR 510, subd. 3). (See *Slavin* v. *Whispell,* 5 A D 2d 296; *Cole* v. *Ocean Acc. & Guar. Corp.,* 179 App. Div. 442; *King* v. *Vanderbilt,* 7 How. Prac. 385.) Further, a change of venue is in the interests of justice in the instant case (CPLR 510, subd. 3), because Monroe County is the place where this transitory action arose (*Slavin* v. *Whispell, supra*), because several of the witnesses are officials in Monroe County and should not be kept from their duties unnecessarily (*Stevens* v. *Bancroft,* 275 App. Div. 864; *Latham* v. *Devine,* 276 App. Div. 824) and because the Trial Calendar of Monroe County is less crowded and a speedier trial can be afforded there (*Commercial State Bank & Trust Co. of New York* v. *Ritz,* 4 A D 2d 674). Gulotta, P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.