■ In the Matter of the Claim of RUSSELL ROSENTHAL, Appellant. NEW YORK TELEPHONE COMPANY, Respondent. LOUIS L. LEVINE, as Industrial Commissioner Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 9, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner holding that claimant lost his employment through misconduct in connection therewith. The claimant was a repairman working for the New York Telephone Company and on numerous occasions he had received warning that if he continued to leave the job site without authorization he would be discharged. The record sustains the finding that on March 4, 1975 the claimant was not at his work-assigned location; that he misrepresented to the dispatcher the location from which he made a telephone call and he did not properly report his next assignment. As a result thereof, he showed a complete disregard of the interests of his employer. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of PATRICIA NELSON, Respondent, v AVON PRODUCTS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed July 13, 1972 and July 18, 1974, which found that the claimant had not entered into a settlement of a third-party action. There is no issue as to compensable injuries upon this appeal, the sole contention of the appellants being that as a matter of law and/or fact the claimant had settled a third-party action without the consent of the appellants as required by subdivision 5 of section 29 of the Workmen's Compensation Law. The record establishes that the appellants did not participate in the third-party action. That action involving an automobile accident was submitted by a Supreme Court Trial Justice to a jury in Queens County on the issue of liability and the jury found in favor of claimant and her husband. While the claimant contends that no settlement was entered into, the proof demonstrates that the third-party action was initially settled by agreement of the claimant and her counsel to accept the sum of $10,000. The record, however, also establishes that after the stipulation of settlement, the defendant's insurance carrier in the third-party action refused to make payment and, in fact, the settlement has not been consummated because the said insurance carrier insists on a court order directing payment and the trial court has refused to grant such an order. The record does not contain anything which would justify the refusal of the third-party defendant insurance carrier to carry out the terms of the settlement and, accordingly, the claimant could rescind the same for failure of consideration *(Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435; *Kraft v Vassilaros & Sons,* 43 AD2d 972). The board could find, as it did, that there was no final settlement of the third-party action and that appellants could not avoid liability on that theory. Furthermore, the claimant has formally offered to assign the third-party action to the appellants and that offer has been refused. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ., concur.