■ CERRATO, SWEENEY & COHN, et al., Respondents, v MIDLAND INSURANCE COMPANY et al., Appellants.—In an action *inter alia* to declare the rights of the parties with respect to the sum of $30,000 being held by defendant Midland Insurance Company, the defendants separately appeal from an order of the Supreme Court, Westchester County, dated October 28, 1976, which granted plaintiffs' motion for summary judgment, declared that plaintiffs were entitled to the money, directed defendant Midland Insurance Company to pay the said amount to plaintiffs and denied the cross motion of defendant St. Paul Insurance Company to dismiss the complaint as against it or for summary judgment. Order modified by deleting the first, second and third decretal paragraphs thereof and substituting therefor provisions (1) denying plaintiffs' motion for summary judgment and (2) granting Midland's motion for permission to pay the sum in question into the court and to discharge it from liability, in whole or in part, to any party to this action. As so modified, order affirmed, with one bill of $50 costs and disbursements to defendant Midland payable by plaintiffs. On the record presented issues of fact remain. It cannot be determined whether the settlement of a prior personal injury action for $220,000 included the claim for medical expenses on behalf of the decedent, Blanche Mitchell. If it did, distribution of the $30,000 withheld by defendant-appellant Midland from the settlement should await the determination of an arbitration proceeding instituted in New Jersey. As to Midland, the limit of its liability has been reached by the settlement and it should be allowed to deposit the sum it has withheld into court and be discharged from liability. Regarding defendant-appellant St. Paul, the limit of its liability has not been reached by the settlement. Defendant-appellant Allstate paid the decedent's medical expenses under a no-fault policy issued in New Jersey to the decedent. If the settlement did not include the decedent's claim for medical expenses, St. Paul may be found to be liable to Allstate for such expenses in the arbitration proceeding brought in New Jersey (see New Jersey Vehicle and Traffic Law, § 39:6A-9). Accordingly, St. Paul cannot now be discharged from liability. Cohalan, J. P., Damiani and Rabin, JJ., concur. Titone, J., dissents and votes to affirm the order, with the following memorandum: In my opinion, the settlement of the Mitchell personal injury action for $220,000 constituted a contract between Mrs. Mitchell, on the one hand, and the defendants in that action, Spindler Bulk Transportation, Inc. and Malley, through their insurers, Midland and St. Paul, on the other. At no time during the negotiations leading to the settlement, was the question of Allstate's lien ever placed on

the table for discussion. To the contrary, from the papers submitted by the parties, it is clear that Midland evidently withheld the fact that Allstate had served it with a notice of arbitration. Thus there is nothing in the record to justify the refusal of defendant Midland to pay to plaintiffs the $30,000 withheld by it pending determination of Allstate's subrogation claim for moneys paid to Mrs. Mitchell for medical expenses under the no-fault provision of its policy insuring her (cf. *Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435; *Matter of Nelson v Avon Prods.,* 50 AD2d 1024; *Kraft v Vassilaros & Sons,* 43 AD2d 972). A settlement of a claim is conclusive as to all elements of the claim, except those specifically reserved by the parties (15A CJS, Compromise and Settlement, § 27). It is the settlement and termination of the litigation which brings into existence a contract which if valid, is final and must be sustained according to its terms (cf. *Yonkers Fur Dressing Co. v Royal Ins. Co., supra).* Furthermore, I believe that Midland, by concealing a material fact during negotiations, namely, that Allstate had served it with a notice of arbitration, is estopped from paying the money into court and should be directed to turn it over to plaintiffs. Although plaintiffs do not seek to set aside the settlement, the law is settled that an unfair concealment of material facts may constitute a ground for relief against a compromise, as where one of the parties has superior means of ascertaining the facts and conceals the true state of affairs (15A CJS, Compromise and Settlement, § 35). Normally a party to a compromise is afterwards estopped from urging matter constituting a setoff or counterclaim which existed at the time of the making of the compromise *(Holy Cross Gold Min. & Milling Co. v Goodwin,* 74 Col 532; 15A CJS, Compromise and Settlement, § 25).