■ In the Matter of the Claim of ANDRZEJ LYCZEK, Appellant. COMMISSIONER OF LABOR, Respondent. [729 NYS2d 795] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 26, 2000, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a maintenance worker and concierge for a condominium complex for willfully neglecting his duties despite having been previously warned about his work performance. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he was terminated due to misconduct. Claimant appeals and we affirm. Substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct. It is well settled that the failure to comply with a reasonable request of the employer may constitute misconduct (*see, Matter of Pierro [Gwydir Co.—Commissioner of Labor]*, 280 AD2d 750; *Matter of Hart [Commissioner of Labor]*, 275 AD2d 832). Here, the record reveals that claimant was instructed to clean up after construction in a particular area of the condominium complex and did not do so or offer any explanation for his failure to comply with his supervisor's instructions. To the extent that

claimant testified that he did clean the area, this presented a credibility issue which the Board resolved against him (*see, Matter of Frazier [Commissioner of Labor]*, 273 AD2d 676). Claimant's remaining contentions have been examined and found to be without merit.

Cardona, P. J., Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.