■ In the Matter of the Claim of ROSEANN BOLASNY, Appellant. BNY-ESI & COMPANY, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [770 NYS2d 767]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 8, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a supervisor in the accounts payable department of a brokerage firm. She became the subject of an investigation after two of her subordinates accused her of sexual harassment. Claimant was informed of the investigation by the employer's outside legal counsel and was instructed not to discuss the accusations with either of her accusers. She nonetheless discussed the matter with one of them and then escorted her to the employer's human resources department where the woman denied having made an accusation. Claimant was discharged for violating the explicit instructions not to discuss the matter with her accusers. The Unemployment Insurance

Appeal Board ruled that she was disqualified from receiving benefits because she had lost her employment due to misconduct. We affirm.

A claimant's knowing failure to comply with an employer's policies may be construed as disqualifying misconduct, particularly when such failure could jeopardize the employer's best interests (*see Matter of Cruz [Commissioner of Labor]*, 288 AD2d 813 [2001]; *Matter of Roman [Commissioner of Labor]*, 277 AD2d 589 [2000]). The record before us discloses that claimant was guilty of disqualifying misconduct when she disobeyed the directive of the employer's attorney not to discuss the investigation with the subordinates who had made the accusations against her. Claimant's conduct had the potential of jeopardizing the employer's best interests by making it vulnerable to a claim of retaliatory discrimination on the part of the employee with whom claimant discussed the matter (*see* Executive Law § 296 [7]; *Matter of Apiado [North Shore Univ. Hosp.—Commissioner of Labor]*, 304 AD2d 884, 885 [2003], *appeal dismissed* 100 NY2d 614 [2003]; *Matter of Mallard [Sweeney]*, 245 AD2d 932 [1997]). Under the circumstances presented here, substantial evidence supports the Board's decision finding claimant guilty of disqualifying misconduct.

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.