■ In the Matter of the Claim of LINDA ADAMS, Appellant. COMMISSIONER OF LABOR, Respondent. [774 NYS2d 440]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 19, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

As part of her responsibilities as a security guard, claimant was required to report her location and keep a handwritten log of her whereabouts during her shift. Upon investigating a complaint against claimant, it was discovered that claimant, who was on final warning status for failure to follow workplace procedures, failed to account for 50 minutes of her shift on her time logs. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant lost her employment due to disqualifying misconduct. A knowing violation of an employer's established policies and procedures has been held to constitute disqualifying misconduct (*see Matter of Hailstock [Borg-Warner Morse Tec—Commissioner of Labor]*, 308 AD2d 631 [2003]; *Matter of Jones [Commissioner of Labor]*, 285 AD2d 801 [2001]; *Matter of Roman [Commissioner of Labor]*, 277 AD2d 589 [2000]). Claimant's excuse for not keeping accurate time records and being unable to recall her whereabouts at the time in question presented a credibility issue for the Board to resolve (*see Matter of Hawkins [Commissioner of Labor]*, 254 AD2d 558, 559 [1998]). Although in her brief claimant focuses on the initial determination finding that she was discharged because she harassed a neighbor, the Board specifically found that no harassment occurred.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.