■ In the Matter of the Claim of HARRIET E. PEARLSTEIN, Appellant. BEATRICE C. ENGSTRAND, Respondent; COMMISSIONER OF LABOR, Respondent. [792 NYS2d 226]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 11, 2004, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a file clerk and occasional receptionist in a medical office and was responsible for ensuring that patient folders were kept in proper alphabetical order and that all necessary forms, including legally required privacy notices, were included in such folders. She was terminated after she represented that she had completed an assignment involving the filing of certain patient folders when, in fact, those folders were discovered collectively hidden in the wrong file. Prior to her termination, she had been suspended for failing to comply with the employer's policies regarding the filing of privacy notices. The Unemployment Insurance Appeal Board, among other things, disqualified claimant from receiving unemployment insurance benefits on the ground that her employment was terminated due to misconduct and she appeals.

We affirm. An employee's failure to follow an employer's reasonable request (see Matter of Francano [Commissioner of Labor], 12 AD3d 768, 768 [2004]; Matter of Lyczek [Commissioner of Labor], 285 AD2d 797, 797 [2001], lv dismissed 97 NY2d 700 [2002]) or to comply with a workplace policy (see Matter of Kaissar [Commissioner of Labor], 3 AD3d 829, 830 [2004]; Matter of Bolasny [BNY-ESI & Co.—Commissioner of Labor], 3 AD3d 657, 658 [2004]) may be construed to constitute disqualifying misconduct. Here, the office supervisor testified that claimant secreted files from the employer while representing that she had completed her work assignment and also failed to comply with the privacy notice requirements for which the employer could be fined. Claimant's denial of such conduct pre-

sented a question of credibility for the Hearing Officer to resolve (*see Matter of Messer [Key Bank Natl. Assn.—Commissioner of Labor]*, 1 AD3d 840, 841 [2003]). Claimant's remaining contentions, including her claim that her counsel's cross-examination of the office manager at the December 22, 2003 hearing was improperly curtailed, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.