■ In the Matter of TIAN XING XING, Appellant. COMMISSIONER OF LABOR, Respondent. [803 NYS2d 283]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 1, 2005, which, inter alia, ruled that claimant was disqualified from receiving unemployment insur-

ance benefits because his employment was terminated due to misconduct.

Claimant worked as a houseman in the housekeeping department of a hotel for 14 years and was responsible for delivering linens and performing general cleaning. On July 29, 2004, claimant was directed to clean a room that had undergone repainting, but when the director of housekeeping checked the room, it had not been cleaned. Claimant, who had received prior warnings concerning his failure to perform his job assignments, was fired as a result. The Unemployment Insurance Appeal Board found, among other things, that claimant was disqualified from receiving unemployment insurance benefits because he was terminated due to misconduct. Claimant now appeals.

We affirm. An employee's failure to comply with an employer's reasonable request, despite repeated warnings, can constitute disqualifying misconduct (*see Matter of Pearlstein [Engstrand— Commissioner of Labor]*, 16 AD3d 947, 947 [2005]). Here, the director of housekeeping testified that claimant failed to clean the room as instructed and had been uncooperative in completing past assignments. Claimant had been warned on July 2, 2004 that if his work performance did not improve, he would be fired. In view of the foregoing, we conclude that substantial evidence supports the Board's decision. Claimant's contrary testimony that he, in fact, cleaned the room as requested presented a credibility issue for the Board to resolve (*see id.* at 948).

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.