■ In the Matter of the Claim of DERON HAMILTON, Appellant. COMMISSIONER OF LABOR, Respondent. [816 NYS2d 388]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 21, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant lost his employment as a van driver for a manufacturer's representative due to disqualifying misconduct. The record establishes that claimant failed to comply with the employer's directive that he check his messages every two hours and promptly respond to any messages. Furthermore, claimant was on final warning for previously failing to check in with the employer and was aware that any further violations could lead to immediate dismissal. Inasmuch as failure to comply with an employer's reasonable request can constitute disqualifying misconduct (*see Matter of Tian Xing Xing [Commissioner of Labor]*, 23 AD3d 747, 748 [2005]; *Matter of Lyczek [Commissioner of Labor]*, 285 AD2d 797 [2001], *lv dismissed* 97 NY2d 700 [2002]), we find no reason to disturb the Board's decision. Claimant's proffered excuse that he was unable to contact the employer, despite having access to a cell phone, created a credibility issue for the Board to resolve (*see Matter of Adams [Commissioner of Labor]*, 6 AD3d 856 [2004]). Claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.