In the Matter of the Claim of LORENZO W. FULCHER, Appellant. COMMISSIONER OF LABOR, Respondent. [820 NYS2d 664]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 8, 2005, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant lost his employment as an outside marketing representative for a wholesale business due to disqualifying misconduct. The record establishes that claimant indicated on his time sheet that he took his half-hour lunch break from 1:00 P.M. until 1:30 P.M., when, in actuality, he was observed taking his lunch break from 11:20 A.M. until 12:00 P.M. Furthermore, when the employer asked that claimant recapitulate the locations he visited during the day, claimant failed to accurately account for his whereabouts until the employer disclosed that his whereabouts had been observed. Inasmuch as it is the responsibility of an employee to accurately document time records, we find no reason to disturb the Board's decision (*see Matter of Adams [Commissioner of Labor]*, 6 AD3d 856 [2004]; *Matter of Du Bois [Mellon Found.—Commissioner of Labor]*, 282 AD2d 858 [2001]; *Matter of Rosenthal [New York Tel. Co.—Levine]*, 50 AD2d 1024 [1975]). Although claimant testified that he consistently indicated the same half hour for lunch regardless of the exact time he took it,

and that such practice was acceptable to the employer, his testimony created a credibility issue for the Board to resolve (*see Matter of Sonzogni [Gilmor Glassworks—Commissioner of Labor]*, 301 AD2d 939 [2003]).

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.