■ In the Matter of the Claim of Wayne C. Barnes, Appellant. Commissioner of Labor, Respondent. [839 NYS2d 821]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 19, 2006, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

From April 2005 until February 2006, claimant was employed

as a Medicare marketing executive. He was thereafter discharged for not following the employer's orders. Claimant's application for unemployment insurance benefits was subsequently denied on the ground that his employment was terminated due to misconduct. Claimant appeals.

We affirm. Based upon our review of the record, we find that the decision of the Unemployment Insurance Appeal Board is supported by substantial evidence (*see Matter of Johns [Commissioner of Labor]*, 273 AD2d 532 [2000]). The record establishes that claimant failed to comply with the employer's directive that he internally express to the employer any complaints he had. Instead, in direct contravention of the directive, claimant wrote a letter to a third party bringing up the very issues he had been told to raise only with his employer. In this regard, we note that the failure to comply with an employer's reasonable request can constitute disqualifying misconduct (*see Matter of Hamilton [Commissioner of Labor]*, 30 AD3d 813, 814 [2006]). To the extent that claimant's version of the events differed from that of the employer, a credibility issue was created for the Board to resolve (*see Matter of Fulcher [Commissioner of Labor]*, 32 AD3d 1064, 1064-1065 [2006]). Claimant's remaining arguments have been considered and rejected for lack of merit.

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.