■ In the Matter of ALVARO A. ABARCA, Appellant. COMMISSIONER OF LABOR, Respondent. [848 NYS2d 782]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 8, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a truck driver, worked for the employer for approximately five months, until September 2006 when he was fired for refusing to follow a directive from the employer. The Unemployment Insurance Appeal Board denied his ensuing application for unemployment insurance benefits on the basis that he had been discharged from his employment for misconduct. Claimant now appeals.

We affirm. To be sure, an employee's failure to comply with an employer's reasonable request can constitute disqualifying misconduct (*see Matter of Barnes [Commissioner of Labor]*, 41 AD3d 1125, 1126 [2007], *lv denied* 9 NY3d 814 [2007]). Here, the record establishes that claimant refused to follow the employer's order that, for safety purposes, he drive his truck with equipment in place limiting the speed of the truck to no greater than 72 miles per hour. To the extent that claimant offered contrary testimony, a credibility issue was created for resolution by the Board (*see Matter of Benbow [Commissioner of Labor]*, 32 AD3d 1094, 1095 [2006]). Given the foregoing, the Board's decision that claimant's employment was terminated for misconduct will not be disturbed.

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur.
Ordered that the decision is affirmed, without costs.