In the Matter of the Claim of HENRY ZIMMERMANN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

Third Department, October 22, 1968.

*Henry Zimmermann*, appellant in person.

*Louis J. Lefkowitz, Attorney-General* (*Samuel A. Hirshowitz, Samuel Stern* and *Irving Jorrisch* of counsel), for respondent.

GIBSON, P. J. Appeal is taken by claimant from a decision of the Unemployment Insurance Appeal Board which (1) disqualified claimant from benefits on the ground that he refused employment without good cause (Labor Law, § 593, subd. 2) and (2) imposed a forfeiture of 20 effective days in reduction of claimant's future benefit rights, upon finding that claimant willfully made a false statement to obtain benefits (Labor Law, § 594).

The evidence was in sharp conflict and the board chose to accept that adduced from the employment interviewer Hill and from the prospective employer to whom claimant was referred, as against that of the claimant himself; and it was, of course, within the board's province to determine the factual issues, including all questions as to the credibility of the witnesses.

(*Matter of Spack* [*Corsi*], 305 N. Y. 753; *Matter of Stuhl* [*Catherwood*], 30 A D 2d 595.)

The precise substantive issue has not been previously determined by a New York court, involving, as it does, not an explicit rejection of an offer of employment but, rather, an indirect refusal thereof. This was accomplished by claimant's discouraging an offer of employment which, according to the prospective employer, would otherwise have been extended. Some support may be found in the good-faith test once suggested by us, in dictum, that, "The feasible and sensible test is whether, when a job is physically taken, it is accepted in good faith or whether its acceptance is merely a mask for refusal" (*Matter of Centonze* [*Corsi*], 1 A D 2d 523, 525); a refusal of a job offer through a subterfuge was held to have disqualified a claimant in a 1942 case decided by the board (Appeal Board No. 7602–42); and there is authority in point in a number of other jurisdictions (see, e.g., *Czarlinsky* v. *Employment Security Agency*, 87 Idaho 65; *Lowell* v. *Maine Employment Security Comm.*, 159 Me. 177; *Barley* v. *Maryland Dept. of Employment Security*, 242 Md. 102; *Corrado* v. *Director of Division of Employment Security*, 325 Mass. 711; *Bradley* v. *Unemployment Compensation Bd. of Review*, 198 Pa. Super. Ct. 356; *Weiland* v. *Unemployment Compensation Bd. of Review*, 167 Pa. Super. Ct. 554; and, also, 55 Yale L. J. 134, 137–138 [1945]).

In this case there was proof that claimant hesitated about accepting the job referral and agreed to the job interview only after being told that his rejection thereof would have to be reported to the insurance section; that claimant told the prospective employer that he was not qualified for the job, that if he should be hired he would foul up the job and would unionize the employer's small plant, and that for seven years in another employment he was a union official, sitting at a desk looking at the window. Upon accepting this evidence, the board was warranted in its findings "that claimant discouraged the employer from hiring him * * * knew that his statements would discourage the employer from hiring him [and] in effect * * * refused the job to which he was referred."

After finding that the prospective employer's version of the interview was correct, the board was, of course, justified in finding, as it did, that claimant's denials of the statements attributed to him by the employer were false and willfully so, and were made to avoid disqualification from benefits.

The decision should be affirmed, without costs.

HERLIHY, REYNOLDS, STALEY, JR., and GABRIELLI, JJ., concur.

Decision affirmed, without costs.