■ In the Matter of the Claim of JAN S. SCHATZBERG, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal from a decision of the Unemployment Insurance Appeal Board holding claimant ineligible for benefits effective November 1, 1965 because of a lack of total unemployment (Labor Law, § 522), charging him with an overpayment of $470.25 ruled to be recoverable, and holding that he willfully misrepresented to obtain benefits for which a forfeiture of 57 effective days was imposed (Labor Law, § 594). What constitutes " total unemployment " is a factual decision and thus if the board's determination is supported by substantial evidence it cannot be disturbed (e.g., *Matter of Weiss* [*Catherwood*], 28 A D 2d 577). The instant record contains substantial evidence

that during the period in question claimant was operating an electronic service and installation business and thus the board could properly find that he was engaged in self-employment and not totally unemployed (e.g., *Matter of Emanuel* [*Catherwood*], 29 A D 2d 798; *Matter of Newman* [*Catherwood*], 24 A D 2d 1042). "The fact that this was merely a sideline while he was regularly employed or that it was sporadic and involved only a limited investment is not controlling. Nor is the fact that the endeavor was nonremunerative during the period for which benefits are claimed (*Matter of Bailey* [*Catherwood*], 18 A D 2d 727) or claimant did not realize that his activities constituted employment (*Matter of Bunzl* [*Lubin*], 1 A D 2d 46)." (*Matter of Carasso* [*Catherwood*], 23 A D 2d 935, 936.) Similarly, the question of willful misrepresentation is factual and since there is substantial evidence to support the board's determination it must be upheld (e.g., *Matter of Tiber* [*Catherwood*], 31 A D 2d 704; *Matter of Tiano* [*Catherwood*], 27 A D 2d 879). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Reynolds, J.