from an eye condition and depression which required that she move to the south. Because of his wife's limited eyesight, claimant alleges that it was necessary for him to accompany her. The record indicates that when the claimant applied for benefits he did not mention his wife's illness, but stated that he was going to Florida on the advice of a friend to look for work. Therefore, his contention on his claim for benefits that there was a lack of work was not absolutely true, although his work was to terminate very shortly. What constitutes "good cause" for leaving work is a factual determination for the board, and its decision, if supported by substantial evidence, as in this case, must be upheld (*Matter of Gilmore [Catherwood]*, 25 AD2d 462). Decision affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of SAM GALATI, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 30, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment due to misconduct, charging him with an overpayment of $760 in benefits, ruled recoverable, and holding he made a willfully false statement to receive benefits for which a forfeiture of 32 effective days was imposed (Labor Law, § 593, subd 3; § 594). The issues raised in the instant appeal by claimant, a building manager, involve solely questions of fact and credibility and were thus for the board's resolution if its determination is supported by substantial evidence (e.g., *Matter of Lester [Catherwood]*, 30 AD2d 1025). There is present in the record here substantial evidence to support the conclusions that claimant's actions constituted misconduct (e.g., *Matter of Lester [Catherwood]*, *supra*) and that he willfully misrepresented the reason for his loss of employment (e.g. *Matter of Worms [Catherwood]*, 28 AD2d 1188). Decision affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of THERESA BATIH, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 30, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits, effective October 7, 1974, because she refused employment without good cause. The board found that claimant, classified as a bookkeeper II, was given a referral on October 7, 1974 by the employment interviewer to a position as a bookkeeper II at $150 per week plus, dependent on experience, from 9:00 A.M. to 5:00 P.M., five days a week. It further found that, in the course of the interview between claimant and a representative of the prospective employer, claimant stated that she was not really interested in working, but had come for the interview because she had been sent by the employment service, whereupon the interview was terminated by the prospective employer. The board determined that claimant refused an offer of employment for which she was fitted by training and experience. We have held that a claimant who makes statements to a prospective employer in order to discourage that employer from hiring him, in effect, refused the job. (*Matter of Zimmermann [Catherwood]*, 30 AD2d 454.) Since the board's determination is supported by substantial evidence, it must be affirmed. We have examined all of the other issues raised by claimant and find them unpersuasive. Decision affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.