■ In the Matter of the Claim of ANGELINA HARRIS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 11, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner ruling claimant ineligible to receive benefits because she was not totally unemployed; charging her with an overpayment of $2,281.25 in benefits; and declaring a forfeiture of 248 effective days of future benefits as a penalty for willfully making false statements to obtain benefits. Claimant is the president and 80% stockholder of a corporation owning an apartment house complex consisting of some 13 year-round apartments. The record of the hearings herein supports the determination that during the periods here in issue she was actually engaged in the operation and management of the corporation of which she was president. In all respects, the determination of the board is supported by substantial evidence, and, accordingly, must be affirmed (Matter of Schatzberg [Catherwood], 32 AD2d 710; Matter of Wersba [Catherwood], 27 AD2d 890; Matter of Newman [Catherwood], 24 AD2d 1042). Decision affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin an Reynolds, JJ., concur.

■ In the Matter of the Claim of SELMA KING, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 6, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits because she was not available for employment as required by subdivision 2 of section 591 of the Labor Law. Claimant, a secretary, lost her position under nondisqualifying circumstances and had just begun to receive unemployment insurance benefits when she was summoned for jury duty in the United States District Court, Southern District of New York. She was sworn in as a member of that court's Grand Jury which was to continue in session for 18 months. She was required to be present each Monday, Wednesday and Friday and was subject to call on Tuesdays and Thursdays. The board found that the restrictions of her jury service prevented the claimant from seeking employment and from accepting a position if one was offered and that she was, therefore, unavailable for employment. This court was faced with an almost identical factual situation and board decision in Matter of Sincerbox (Catherwood) (24 AD2d 811) and held that the circumstances, though unusual, presented a factual issue and that, since the board's decision was supported by substantial evidence, its decision should be affirmed. Since the board's decision here is so supported, we must affirm. Decision affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.