sustained *(Matter of Viscardi [Levine],* 50 AD2d 703). The same rule applies in reviewing the issue of whether a claimant's efforts to secure employment satisfy the statutory requirements *(Matter of Katz [Levine],* 51 AD2d 613). The record contains substantial evidence supporting the board's determination and, accordingly, we must affirm it. Decision affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.

In the Matter of the Claim of LEROY A. WOODS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 3, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective May 8, 1975 on the ground he lost employment through misconduct in connection therewith. The board could properly find on the instant record that claimant, an inspector of buildings for fire insurance ratings, had submitted grossly inadequate and erroneous reports of properties inspected by him causing underrating of the particular risks involved and that, particularly since he had been warned on at least two prior occasions about his reports, such course of conduct constituted misconduct (see *Matter of Galati [Levine],* 51 AD2d 604). We find no basis to disturb the board's factual findings and its resolution of issues of credibility (e.g. *Matter of Lester [Catherwood],* 30 AD2d 1025). Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.

In the Matter of the Claim of ROBERT GAVIN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 9, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective March 1, 1975 on the ground that he lost his employment through misconduct in connection therewith. The record reflects that claimant, during a period of employment of approximately five months, had a poor attendance record despite repeated warnings. Although aware of his obligation to call his employer when he was late or absent, he failed to call when absent and was terminated. Claimant complains, in his brief, that the employer did not appear at the hearing before the referee but the record reflects that claimant obtained a statement signed by his employer (in claimant's handwriting) which he submitted to the referee. That statement and claimant's own testimony furnish substantial evidence to support the board's finding that claimant lost his employment through misconduct. Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.

In the Matter of the Claim of EDGAR J. BRANDAU, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 18, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits effective August 11, 1975 because he was not totally unemployed. The question of whether or not a person is totally unemployed is factual and, hence, within the sole province of the board, so long as its decision is supported by substantial evidence *(Matter of Schatzberg [Catherwood],* 32 AD2d 710). Here, claimant was the 100% owner of the stock of a corporation and spent three to four hours each day in the furtherance of the business of the still active corporation. Failure of the corporation to make a profit during this time period is not controlling *(Matter of Schneider*

*[Levine],* 50 AD2d 631). In addition, the fact that claimant did not realize that his activities constituted employment is of no avail to him *(Matter of Schatzberg [Catherwood], supra).* The board's decision is supported by substantial evidence and it must be affirmed. Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.