■ In the Matter of the Claim of PATRICIA M. ROBINSON, Respondent. NORTH AMERICAN RECYCLING CORP., Appellant; PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 8, 1979, which approved an award of unemployment benefits to claimant upon the grounds that her previous disqualification for refusal of suitable employment had been terminated and that she could not suffer additional disqualification for further refusal of the same employment. Claimant was working for the employer herein as a bookkeeper when, in the spring of 1978, she terminated her employment. By initial determination, the Industrial Commissioner thereafter disqualified her from benefits effective May 2, 1978 because she voluntarily left her employment without good cause and effective May 12, 1978 because she refused suitable employment, i.e., employment with the appellant employer, without good cause. The matter then came before an Administrative Law Judge, who, on June 14, 1978, sustained the finding of voluntary leaving of employment effective May 2, 1978 and made no ruling upon the finding of refusal of suitable employment effective May 12, 1978. Subsequently, claimant worked for an intermediate employer and earned in excess of $200, thereby purging her earlier disqualification from receiving benefits, and she was then laid off and filed a new claim for benefits. Ultimately, the board determined that she was entitled to an award even though she had admittedly rejected a September 22, 1978 offer of employment by the appellant employer herein, who would be surcharged on the instant claim, following her being laid off by the intermediate employer. This appeal followed. We hold that the board's decision should be reversed. When a claimant refuses suitable employment without good cause, she should clearly be denied unemployment benefits (Matter of Batih [Levine], 51 AD2d 604), and upon the present record it is obvious that the board would have denied the instant claim but for its conclusion that claimant had previously been disqualified from benefits effective May 12, 1978 for refusal of employment and should not be disqualified again for refusal of the same employment. This conclusion of the board is plainly erroneous, however, because claimant was denied benefits upon her original claim in the spring of 1978 pursuant to an Administrative Law Judge's decision, which superseded the determination of the Industrial Commissioner and disqualified claimant from benefits solely upon the ground that she voluntarily left her employment without good cause. Under these circumstances, claimant should now be denied an award because of her refusal of suitable employment, and such a result will clearly not constitute a second disqualification from benefits because of a refusal of a job offer from the appellant employer. Decision reversed, without costs, and claim dismissed. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.