■ In the Matter of the Claim of GERALD SISCO, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 18, 1977, which reversed the decision of the referee and sustained an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits by reason of misconduct. Claimant, a detective in the employ of R. H. Macy's for three years prior to the subject event, observed a female employee putting some merchandise in her handbag. He contacted his supervisor by walkie-talkie. Another security guard apprehended the suspect 15 or 20 feet from the counter where she was working. The suspect was out of claimant's vision for several seconds before she was apprehended. The female employee was searched by a female detective pursuant to claimant's direction. Nothing was found. The board found that company procedure "calls for no searches when a suspect has left the sight of an observer for any length of time". Accordingly, the board, upon claimant's admission that the suspect was briefly out of his vision, found claimant guilty of disqualifying misconduct. We cannot agree. The term *"any length of time"* is too vague a standard to apply to what is essentially a judgmental reaction to an event it was claimant's duty to look for and, if possible, prevent. While ordering a search of the employee's person might have been poor judgment under the circumstances, it was not misconduct. Claimant was clearly acting in furtherance of his employer's interests and, on this record, cannot be charged with that degree of carelessness necessary to raise his actions to the level of misconduct *(Matter of James [Levine],* 34 NY2d 491; *Matter of McHugh [Levine],* 47 AD2d 676). Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ. concur.