■ In the Matter of the Claim of BRIAN WEINFELD, Appellant. CONEY ISLAND HOSPITAL, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 8, 1986, which ruled that claimant was disqualified from receiving benefits because his employment was terminated due to misconduct.

Claimant was employed as a pharmacist by Coney Island Hospital for a six-month period from November 1984 to May 1985. Because of the volume of work required of the pharmacy staff, all medications were precounted, prelabeled and stocked in a standard dosage of 25-miligram tablets. Thus, to fill a prescription, the pharmacist was required only to fill in the patient's name and the physician's instructions for taking the drug on the prelabeled vial.

In April 1985, claimant inadvertently dispensed a medication at one half the prescribed dosage. This error was noticed by the patient and brought to the attention of claimant's supervisor, who warned claimant that further dispensing errors would not be tolerated. One week later, however, claimant made a second error, this time dispensing a drug at *four times* the prescribed dosage, an amount known to be seriously hazardous. This mistake was also noticed by the patient and

brought to the attention of claimant and his supervisor. Claimant was allowed to resign from his position instead of being terminated.

Claimant applied for unemployment insurance benefits and is appealing from a decision by the Unemployment Insurance Appeal Board which found that claimant was disqualified from receiving benefits because he lost his job as a result of misconduct (see, Labor Law § 593 [3]). Claimant contends that the Board's finding that his dispensing errors constituted misconduct is not supported by substantial evidence.

It is well settled that mere negligence, although sufficient cause for discharge, will not constitute disqualifying misconduct (e.g., Matter of Lackey [Centro Parking—Ross], 81 AD2d 955, 956). However, misconduct may be found where an employee is terminated for conduct which exceeds mere carelessness (see, Matter of Sisco [Ross], 63 AD2d 1094) or for negligence which has persisted in spite of warnings (Matter of Woods [Levine], 52 AD2d 696).

Here, the Board found that, in spite of the fact that claimant had been admonished for his first dispensing error, within one week he made a second, far more serious mistake. Although claimant contended that his mistakes were due to the fact that the pharmacy was undergoing reconstruction which resulted in less than optimal working conditions, the Board chose to reject this excuse. As was noted by the Board in its decision, "the work of a pharmacist is a weighty responsibility" in which care and attention in performing the job is of utmost importance (cf., Matter of Bass [Greyhound Lines E.—Levine], 50 AD2d 959). In our view, there is substantial evidence to support the Board's factual determination that claimant's job performance constituted misconduct in this case.

Decision affirmed, without costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.