■ In the Matter of the Claim of SCOTT C. LINDER, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 2, 1990, which, upon reconsideration, adhered to its prior decision ruling, *inter alia,* that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant admitted that he knew it was the employer's policy not to charge sales tax only when goods were shipped to another State but that he nevertheless wrote up the sale of a leather jacket to a customer from New Jersey without including the sales tax and arranged to ship to New Jersey the jacket the customer had been wearing when he first came into the store. Claimant also admitted that he knew that shipping the jacket that had not been purchased at the store was done to avoid the sales tax and that it "was against company policy". An employee's violation of a company policy of which he is aware has been held to constitute misconduct *(see, Matter of Green [Levine],* 53 AD2d 782; *Matter of Brewer [Levine],* 53 AD2d 751). Under these circumstances, the conclusion by the Unemployment Insurance Appeal Board that claimant's actions constituted misconduct is supported by substantial evidence and must be upheld *(see, Matter of Herwig [Ross],* 68 AD2d 997, *lv denied* 48 NY2d 606). The issues raised by claimant in his brief on this appeal concern questions of fact and credibility which were for the Board to resolve *(see, Matter of Leuci [Levine],* 51 AD2d 603).

Weiss, J. P., Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.