■ In the Matter of the Claim of LAVERNE WRIGHT, Appellant. COMMISSIONER OF LABOR, Respondent. [671 NYS2d 188] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 5, 1996, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a licensed practical nurse following two incidents involving patients under her care. The Unemployment Insurance Appeal Board denied claimant's application for benefits on the ground that she had engaged in disqualifying misconduct. We affirm. The incidents in question occurred when claimant, in derogation of the employer's procedures, failed to verify that a patient's feeding tube had been properly inserted, resulting in the patient being

transferred to the Intensive Care Unit. Claimant also failed to monitor a patient's intravenous line every two hours, during which time the intravenous line dislodged, resulting in the patient incurring a substantial loss of blood and requiring a transfusion. Under these circumstances, we conclude that substantial evidence supports the Board's decision, particularly inasmuch as claimant's conduct was clearly adverse to the employer's best interest and jeopardized the safety of the patients. Claimant's testimony to the contrary merely presented a credibility issue, which the Board was free to resolve against her (*see, Matter of Dennis [Westgate Nursing Home— Sweeney]*, 233 AD2d 730, *lv denied* 89 NY2d 811). Claimant's remaining contentions have been reviewed and found to be unpersuasive.

Cardona, P. J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.