■ In the Matter of the Claim of ANDREA BLOCK, Appellant. COMMISSIONER OF LABOR, Respondent. [672 NYS2d 456] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 11, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was terminated from her employment as a regional staffing analyst for a department store after she violated the employer's discount policy by allowing her sisters to use her employee-discount credit card on two occasions. Although an Administrative Law Judge overruled the initial decision disqualifying claimant from receiving benefits, upon the employer's appeal and subsequent remittal of the case, the Unemployment Insurance Appeal Board ultimately overruled the ALJ's decision and sustained the initial determination. This appeal by claimant ensued.

Claimant acknowledged that she was aware of the employer's policy and that she had received the employee handbook wherein it stated that violating the employee discount policy was grounds for dismissal. Violation of an employer's policies has been held to constitute disqualifying misconduct (see, Matter of Linder [Hartnett], 176 AD2d 1165; Matter of Belai [Hartnett], 168 AD2d 773; cf., Matter of Haenni [Abraham & Straus—Sweeney], 232 AD2d 716), especially when it is potentially detrimental to the employer's best interests (see, Matter of Blickley [Sweeney], 247 AD2d 738). Under the circumstances presented here, substantial evidence supports the decision of the Board, finding that claimant engaged in disqualifying misconduct. Furthermore, we find no abuse of discretion in the Board's decision to remit the case in order to, inter alia, give the parties a full and fair opportunity to be heard on the issues (see, Labor Law § 621 [3]).

Cardona, P. J., Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.