In the Matter of the Claim of PEARL CREARY, Appellant. COMMISSIONER OF LABOR, Respondent. [679 NYS2d 187] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 23, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Discharged from her position as a community mental health aide, claimant's application for unemployment insurance benefits was denied by the Unemployment Insurance Appeal Board on the ground that she was terminated for misconduct. We reject claimant's contention that this decision is not supported by substantial evidence. The record indicates that claimant ushered a violent patient into his room after he attacked a visitor and then struck the patient in the back of the head when he was simply standing in a nonthreatening posture. Although claimant denied striking the patient, her testimony was contradicted by a co-worker; thus, the Board was pre-

sented with a credibility issue which it was free to resolve against her (*see, Matter of Dennis [Westgate Nursing Home—Sweeney]*, 233 AD2d 730, *lv denied* 89 NY2d 811). It is well settled that "[f]ailing to comply with the employer's established policies and procedures and acting in a manner contrary to the employer's best interests constitute disqualifying misconduct" (*Matter of Rothman [Sweeney]*, 242 AD2d 818). Given claimant's awareness of the employer's rule prohibiting the use of excessive force on patients, we find that substantial evidence supports the Board's decision affirming claimant's discharge for misconduct.

Mikoll, J. P., Crew III, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.