◼ In the Matter of the Claim of VIRGINIA J. MARTEN, Appellant. EDEN PARK NURSING HOME, Respondent; COMMISSIONER OF LABOR, Respondent. [680 NYS2d 28] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 13, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed in a supervisory position at the employer's nursing home since 1991. On September 4, 1996, an incident occurred which ultimately resulted in claimant's termination. Thereafter, she applied for and was granted unemployment insurance benefits. The employer objected, asserting that claimant was discharged for disqualifying misconduct. A hearing was held before an Administrative Law Judge (hereinafter ALJ) who heard the testimony of upwards of eight witnesses, including claimant. After the hearing the ALJ overruled the initial award concluding that claimant's actions were "clearly not in the employer's best interest" and rose to the level of "misconduct for unemployment purposes". Claimant then appealed to the Unemployment Insurance Appeal Board which affirmed, adopting the findings and opinion of the ALJ. This appeal by claimant followed.

We affirm. In order for a claimant's conduct to rise to the level of disqualifying misconduct for unemployment insurance purposes, the misconduct must either be detrimental to the employer's interest or a violation of a reasonable work condition (see, Matter of De Grego [Levine], 39 NY2d 180). Mere negligence or carelessness, although sufficient for termination, is not enough to disqualify a person from receiving unemployment insurance benefits (see, Matter of Weinfeld [Coney Is. Hosp., N. Y. City Health & Hosps. Corp.—Roberts], 135 AD2d 880).

In our view, claimant's actions were not merely negligent or careless, but detrimental to her employer's interest. According to the testimony of four of her co-workers, claimant failed to acknowledge and assess an elderly resident's complaints of pain and, instead, insisted that the resident get out of her bed and into a wheelchair. There was also testimony that claimant told the resident, who suffered from coronary artery disease, that there was nothing wrong with her and also told her co-workers that she believed the resident was faking the reported pain. Additionally, there was testimony that claimant told her co-workers not to give the resident any medication and not to call her doctor. The resident died a few hours later of acute heart failure.

The testimony presented provides substantial evidence to support the conclusion that claimant's conduct was adverse to the employer's interest and constituted misconduct. Furthermore, although claimant's testimony differs substantially from that of her co-workers, "the Board was free to resolve [credibility issues] against her" (*Matter of Wright*, 249 AD2d 668, 669).

Claimant's remaining contentions have been considered and found to be without merit.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.