■ In the Matter of the Claim of CANSALEE JOHNSON, Appellant. WAYANDANCH DAY CARE CENTER, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [684 NYS2d 15] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 23, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Discharged from her position as a day care worker, claimant's application for unemployment insurance benefits was denied by the Unemployment Insurance Appeal Board on the ground that she was terminated for misconduct. We reject claimant's argument that this decision is not supported by substantial evidence. The record indicates that the employer had a medication safety policy whereby parents needed a physician's note to bring any medication into the day care center and all medication was to be placed in the nurse's office. Day care workers were prohibited from accepting or administering medication and employees were required to promptly notify the nurse of the presence of any unauthorized medication in the building. On June 4, 1997, a relative of one infant brought medication for a child that later turned up in another child's bag. Claimant was terminated after she admitted being aware of the unauthorized medication and failing to report its presence to the

nurse. Although claimant later denied being aware of the presence of the medication, this testimony was contradicted by her earlier written admission to the prescribed conduct, which the Board was free to credit. It is well settled that "[f]ailing to comply with the employer's established policies and procedures and acting in a manner contrary to the employer's best interests [can] constitute disqualifying misconduct" (*Matter of Rothman [Sweeney]*, 242 AD2d 818). Given claimant's awareness of the employer's medication policy, we find that substantial evidence supports the Board's decision (*see, Matter of Creary [Commissioner of Labor]*, 254 AD2d 644).

Cardona, P. J., Mikoll, Crew III, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.