■ In the Matter of the Claim of Bernadette P. Richards, Appellant. Commissioner of Labor, Respondent. [689 NYS2d 542] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 10, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her position as a private home health care worker for the employer's disabled adult son, Jason, and her subsequent application for unemployment insurance benefits was denied by the Unemployment Insurance Appeal Board on the ground that she was terminated for misconduct. We reject claimant's contention that this decision is not supported by substantial evidence. The record indicates that claimant took a weekend off from work and had her niece fill in for her. When claimant returned to work on Monday, she informed the employer that her niece had told her that the employer's wife, Jason's stepmother, had physically and verbally abused Jason. The employer denied that any abuse had taken place but, on the next day, claimant again confronted the employer and demanded that he prepare a letter acknowledging that Jason had been abused, which she planned to keep in a safe deposit box. The employer refused to provide such a letter and an angry dispute ensued which resulted in claimant's discharge and the employer's wife calling the police.

Although claimant maintains that she had good intentions and her conduct constituted, at worst, an excusable lapse in judgment, the Board specifically rejected this argument, finding that if claimant genuinely suspected abuse she should have called the proper authorities and not demanded an incriminat-

ing statement as surety for the employer's good behavior.* Since it is well settled that disrespectful conduct (*see, Matter of Brown [Sweeney]*, 243 AD2d 808, 809) or "acting in a manner contrary to the employer's best interests [can] constitute disqualifying misconduct" (*Matter of Rothman [Sweeney]*, 242 AD2d 818), we find no reason to disturb the Board's decision.

Mikoll, J. P., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.

---

\* Claimant conceded that she had made no prior claim of abuse involving Jason during the course of her employment, even though she accompanied him to physician appointments. A later investigation by adult protective services found no evidence of abuse.