■ In the Matter of the Claim of IDA THOMPSON, Appellant. COMMISSIONER OF LABOR, Respondent. [713 NYS2d 229] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 9, 1999, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a home health aide for violating the employer's work policy regarding patient care. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because she was terminated due to misconduct. We affirm. Substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct. It is well settled that "[f]ailing to comply with the employer's established policies and procedures and acting in a manner contrary to the employer's best interests [can] constitute disqualifying misconduct" (*Matter of Rothman [Sweeney]*, 242 AD2d 818; *see, Matter of Richards*, 261 AD2d 678, 679). Here, the Board found, based on witness testimony, that claimant exposed the employer to liability by escorting a patient to another State where claimant was not certified after the employer instructed her not to do so and also spoke in an abusive and offensive manner at the patient's home. Although claimant denied the allegations of wrongdoing, the conflicting testimony presented a credibility issue for the Board to resolve (*see, Matter of Singh*, 273 AD2d 664; *Matter of Creary [Commissioner of Labor]*, 254 AD2d 644, 644-645).

Cardona, P. J., Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.