■ In the Matter of the Claim of JILL C. PALEY, Appellant. COMMISSIONER OF LABOR, Respondent. [727 NYS2d 527] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 18, 2000, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, a sales manager for a branch office of a wholesale travel agency, was discharged from her employment after violating the employer's known rule regarding the processing of complimentary airline tickets. According to the employer, it was the company's policy that any award letters entitling an employee to complimentary airline tickets, including those bearing the employee's name, be sent to company headquarters for processing. Headquarters would then issue the employee the complimentary ticket once the employee's vacation request was approved. Notwithstanding a reminder by the employer regarding the use of airline award letters, claimant continued to process the award letters through the branch of-

fice because she previously had done so without repercussions. Under these circumstances, substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant's violation of a known rule of the employer constituted disqualifying misconduct (*see, Matter of Linder [Hartnett]*, 176 AD2d 1165; *Matter of Green [Levine]*, 53 AD2d 782).

Mercure, J. P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.