■ In the Matter of the Claim of JUDITH A. HEINTZLEMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [732 NYS2d 490] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 3, 2000, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed by a nursing home as a certified nursing assistant. She was discharged from this employment after she attempted to perform a medical procedure that she was not trained or authorized to perform and for which she used the wrong equipment. Specifically, claimant inserted a plastic tube from a nebulizer* into a patient's mouth in an attempt to suction phlegm from the patient's lungs. Claimant testified that her supervisor had advised her several times that the patient did not require suctioning and that, in any event, she was aware that the procedure was only to be administered by a trained nurse after receiving authorization from a physician. Claimant explained that the patient reminded her of her father who had died several years earlier following a long period of coughing. As a result of this association, claimant became concerned by the patient's persistent cough and attempted—incorrectly—to suction her respiratory system. While claimant's supervisor succeeded in promptly stopping her, the patient was understandably traumatized. The employer's director of nursing, who considered this incident an act of patient abuse, reported it to the Department of Health.

The Unemployment Insurance Appeal Board ultimately ruled that claimant was disqualified from receiving benefits because she had lost her employment due to misconduct. Substantial evidence supports the Board's decision that claimant's actions exceeded mere carelessness regardless of her intentions. It is well settled that a claimant's failure to comply with the employer's established policies and procedures can constitute disqualifying misconduct especially when such conduct jeopardizes the safety of a patient (*see, Matter of Wright [Commissioner of Labor],* 249 AD2d 668, 669). In this matter, claim-

---

* A nebulizer is used to blow oxygen and medicated spray into a patient's lungs. It is not designed for the purpose of suctioning excess fluid.

ant knowingly disregarded the established protocol of the nursing home and her supervisor's directives, conduct which was clearly adverse to the employer's best interest and potentially had serious consequences (see, Matter of Thompson [Commissioner of Labor], 275 AD2d 854, 855; Matter of Smith [Primecare Med.—Commissioner of Labor], 269 AD2d 654, lv denied 95 NY2d 753). The decision of the Board is, accordingly, affirmed.

Spain, J. P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.