■ In the Matter of the Claim of ANGEL CRUZ, Appellant. COMMISSIONER OF LABOR, Respondent. [733 NYS2d 279] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 21, 2001, which ruled, *inter alia,* that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed by the City University of New York as the Director of Public Safety and Security at its Queens College campus. He was discharged from this employment after violating the employer's policy requiring all supervisory personnel to report to the College Sexual Harassment Panel any allegations of sexual harassment that had been made against a member of his or her staff.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant's employment was terminated due to misconduct. It is well settled that a claimant's knowing failure to comply with the employer's established policies and procedures can constitute disqualifying misconduct, especially in cases where such failure could jeopardize the employer's best interest (*see, Matter of Huggins,*

257 AD2d 877, 878; *Matter of Johnson*, 257 AD2d 823, 824). In this matter, claimant admitted that he had twice neglected to report allegations of sexual harassment that had been filed against members of his staff. His failure to do so prevented the employer from taking prompt action to address the allegations, thereby rendering it vulnerable to potential liability. Under these circumstances, we find no reason to disturb the decision of the Board finding that claimant lost his job under disqualifying circumstances.

Mercure, J. P., Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.