■ In the Matter of the Claim of KRISTINE M. RICE, Appellant. COMMISSIONER OF LABOR, Respondent. [735 NYS2d 637] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 27, 2000, which ruled, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a social worker by the employer hospital. In March 1999, she was assigned to coordinate a program for patients who were both mentally ill and chemically addicted. Approximately seven weeks later, claimant was discharged from her employment for having entered in a patient's report that he had "been missing his scheduled IC [individual counseling sessions] because this writer has been very busy." Claimant subsequently testified that this statement was false, but that she had entered it in the patient's report as a means of communicating to her supervisor that she was overburdened with work assignments, a topic which he

had declined to discuss with her. The Unemployment Insurance Appeal Board ruled that claimant engaged in disqualifying misconduct and denied her claim for unemployment insurance benefits.

Substantial evidence in the record supports the Board's finding that claimant lost her employment under disqualifying circumstances. Her conduct, whereby she knowingly entered false information in a patient's medical records, could have proven detrimental to the patient, whose medical records are relied upon by other health care professionals involved in his treatment (*see, Matter of Dennis [Commissioner of Labor]*, 233 AD2d 730, *lv denied* 89 NY2d 811). It could have also proven detrimental to the employer by subjecting it to liability in the event that the patient caused injury to himself or to others at a time when his medical records showed that his therapist had been too busy to treat him. We accordingly affirm the Board's decision finding that claimant lost her employment due to disqualifying misconduct (*see, Matter of Bilka [Hematology-Oncology Assocs. of Long Is.—Commissioner of Labor]*, 257 AD2d 880, 881).

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.