■ In the Matter of the Claim of AURELIO P. MARTIN, Appellant. COMMISSIONER OF LABOR, Respondent. [750 NYS2d 661] —Lahtinen, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 29, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a certified nursing assistant until his employment was terminated due to his failure to adhere to the employer's policy regarding the operation of a device known as a Sarah Lift, used to transfer patients between two seated postures (e.g., between a wheelchair and a commode). Claimant admitted in his hearing testimony that he had been instructed that the lift was to be operated in the presence of two staff members. Nonetheless, on his last day of employment, claimant's supervisor observed him operating the device to move a patient from the toilet to his wheelchair without the presence of a coworker. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct.

It is well settled that a claimant's failure to comply with the employer's policies and procedures may constitute disqualifying misconduct, especially in cases where the claimant is employed as a medical professional whose failure to adhere to prescribed safety procedures could jeopardize the safety of a patient (*see Matter of Heintzleman [Commissioner of Labor]*, 288 AD2d 742; *Matter of Wright [Commissioner of Labor]*, 249 AD2d 668). Disqualifying misconduct may also be found in cases where the claimant's actions run counter to the employer's interest as is the case in this matter, where the employer could have been held liable if claimant's omission had resulted in injury to a patient (*see Matter of Thompson [Commissioner of Labor]*, 275 AD2d 854, 855; *Matter of Smith [Prime Care Med.—Commissioner of Labor]*, 269 AD2d 654, *lv denied* 95 NY2d 753).

It is uncontested that claimant operated the patient lift without the assistance of a coworker in violation of the employer's safety policies and procedures. Claimant's assertion that he was never informed that two-person operation of the lift was a requirement rather than simply an advisable practice raised an issue of credibility for resolution by the Board (*see Matter of Marten [Eden Park Nursing Home—Commissioner of Labor]*, 255 AD2d 638). As substantial evidence supports the decision that claimant's employment was terminated under disqualifying circumstances, we decline to disturb it (*see Matter of Wright [Commissioner of Labor]*, *supra* at 668).

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.