■ In the Matter of the Claim of ROSEMARY CLEVELAND, Appellant. COMMISSIONER OF LABOR, Respondent. [753 NYS2d 214] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 21, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a mammographer at a breast cancer screening center due to her failure to adhere to the employer's policy regarding the alteration of patient medical records. Claimant admitted in her hearing testimony that she had used correction fluid to erase a patient's check mark entered on a pretesting questionnaire. Contrary to the employer's prescribed procedures, this change was not initialed by either claimant or the patient, nor did claimant make any notation in the patient's records in explanation of the erasure. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving unemployment insurance benefits because she had lost her employment due to misconduct.

Disqualifying misconduct may be found in cases where the claimant's actions could jeopardize the employer's interest, as is the case here where the employer faced potential liability in the event that claimant's conduct resulted in the patient's failure to receive appropriate medical treatment (*see Matter of Rice [Commissioner of Labor]*, 289 AD2d 898, 899; *Matter of Smith [Primecare Med.—Commissioner of Labor]*, 269 AD2d 654, *lv denied* 95 NY2d 753). As substantial evidence supports the Board's decision that claimant's employment was terminated under disqualifying circumstances, we decline to disturb it.

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.