■ In the Matter of the Claim of PILAR L. APIADO, Appellant. NORTH SHORE UNIVERSITY HOSPITAL, Respondent; COMMISSIONER OF LABOR, Respondent. [757 NYS2d 145] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 21, 2001, which ruled that claimant was disqualified

---

from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a laboratory technician in the employer hospital's blood bank. She was discharged from this position after mistakenly dispensing a unit of blood from the general blood bank supply for transfusion into a postoperative patient who had previously deposited a unit of her own blood to be used by her as needed. The Unemployment Insurance Appeal Board ruled that claimant had lost her employment under disqualifying circumstances.

A claimant's failure to comply with the employer's established policies and procedures may constitute disqualifying misconduct, especially in cases where the conduct in question is contrary to the best interests of the employer (see Matter of Heintzleman [Commissioner of Labor], 288 AD2d 742, 742-743 [2001]; Matter of Wright [Commissioner of Labor], 249 AD2d 668, 669 [1998]). In the matter under review, it is undisputed that claimant failed to follow the employer's protocol requiring her to carefully review the information in the hospital database before dispensing blood, a procedure which would have notified her that the patient was to be transfused with the unit of blood that she had previously deposited for her own use. Claimant's negligent submission of blood from an unknown donor had a potentially negative impact upon both the well-being of the patient and the best interests of the employer. As substantial evidence supports the Board's finding of disqualifying misconduct, its decision will not be disturbed. The remaining contentions raised by claimant have been reviewed and found to be unavailing.

Mercure, J.P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.