■ In the Matter of the Claim of MIA RIZZO, Appellant. COMMISSIONER OF LABOR, Respondent. [762 NYS2d 306] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 4, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was terminated from her employment as a cashier at a drug store after she violated the employer's written policies against processing the sales transaction of a family member (her mother) and giving an employee discount to a family member other than a spouse or dependents. The Unemployment Insurance Appeal Board ruled that claimant was properly denied unemployment insurance benefits on the ground that she had lost her employment due to disqualifying misconduct. Claimant appeals.

Violation of an employer's reasonable policies may constitute disqualifying misconduct (*see Matter of Letcher [Wal-Mart Stores—Commissioner of Labor]*, 272 AD2d 710 [2000]), especially in cases where, as here, the violation is potentially detrimental to the employer's interests (*see Matter of Hawkins [Commissioner of Labor]*, 254 AD2d 558, 559 [1998]). As claimant was aware of the employer's policies and does not contest her violation of them, substantial evidence supports the Board's decision finding claimant guilty of disqualifying misconduct (*see Matter of Block [Commissioner of Labor]*, 249 AD2d 870 [1998]).

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.