■ In the Matter of the Claim of SHARON R. CAPORALE, Appellant. COMMISSIONER OF LABOR, Respondent. [771 NYS2d 751]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 2, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a certified nursing assistant after she failed to put on protective eye wear when cleaning a tub, thereby allowing disinfectant cleaning fluid to splash in her eyes. The Unemployment Insurance Appeal Board denied claimant's subsequent application for unemployment insurance benefits on the ground that she lost her employment due to disqualifying misconduct. We affirm.

It is well settled that failure to comply with an employer's established policies and procedures can constitute disqualifying misconduct, especially in cases involving health care professionals where such failure could result in injuries (*see Matter of Shene [Commissioner of Labor]*, 304 AD2d 942 [2003]; *Matter of Martin [Commissioner of Labor]*, 299 AD2d 624 [2002], *lv denied* 99 NY2d 507 [2003]) or jeopardize the employer's best interest (*see Matter of Cruz [Commissioner of Labor]*, 288 AD2d 813

[2001]). Here, the employer's policy required that goggles or face masks be used in any instance where splashes or splatters of contaminants may occur. Furthermore, claimant recently had attended a training session where the use of protective eye wear equipment while cleaning tubs was reviewed. Under these circumstances, substantial evidence supports the Board's decision that claimant knew or should have known that her conduct violated the employer's safety procedures. The conflicting testimony as to whether safety equipment was required or available presented a credibility issue for the Board to resolve.

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.