■ In the Matter of the Claim of NINA KOVALSKAYA, Appellant. COMMISSIONER OF LABOR, Respondent. [792 NYS2d 233]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 25, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a cytotechnologist for a hospital and was responsible for screening laboratory slides to detect the presence of abnormal cells. In December 2002, after she exceeded the employer's tolerance limits by failing to detect abnormalities on a number of slides, claimant was placed on probation and advised that if such conduct continued during the next three months, she would face disciplinary action, including possible discharge. When claimant continued to exceed the employer's tolerance limits by failing to detect cell abnormalities seven times during the ensuing three months, she was terminated. The Unemployment Insurance Appeal Board ultimately denied her claim for unemployment insurance benefits on the ground that her employment was terminated due to misconduct. Claimant now appeals.

We affirm. We note that employee behavior that is detrimental to an employer's interest may constitute disqualifying misconduct (see *Matter of Fay [Commissioner of Labor]*, 261 AD2d 671, 672 [1999]; *Matter of Selzer [Sweeney]*, 241 AD2d 743, 743 [1997]). Here, claimant's repeated errors compromised the treat-

ment of patients and her conduct was plainly detrimental to the hospital's interest. Inasmuch as claimant's conduct persisted in spite of warnings and reflected more than simple carelessness (*see Matter of Anderson [Commissioner of Labor]*, 255 AD2d 678, 679 [1998]; *Matter of Marten [Eden Park Nursing Home—Commissioner of Labor]*, 255 AD2d 638, 638-639 [1998]; *Matter of Mitch [Sweeney]*, 247 AD2d 738 [1998]; *Matter of Weinfeld [Coney Is. Hosp., N.Y. City Health & Hosps. Corp.—Roberts]*, 135 AD2d 880 [1987]), substantial evidence supports the Board's decision. Furthermore, we find no merit to claimant's contention that her due process rights were violated during the hearing.

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.