■ In the Matter of the Claim of IRENE R. BASTIAN, Appellant. COMMISSIONER OF LABOR, Respondent. [797 NYS2d 600]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 18, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a sales clerk at a convenience store from

July 2002 until November 2003. The employer had a policy requiring store employees to obtain proper identification from customers who appeared to be under the age of 30 prior to selling them alcohol, tobacco or lottery tickets, and to enter their birth date in the cash register. Under store policy, employees were required to maintain a quota by requesting identification and entering the date of birth in 15% of all sales. After claimant's supervisor observed claimant sell cigarettes to another store employee—whom claimant testified she knew to be 29 years old having previously seen his picture identification—without obtaining proper identification, she was terminated from her position. The Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the ground that she was discharged for misconduct. Claimant appeals.

We affirm. It is well settled that an employee's failure to comply with an employer's reasonable rules and procedures and acting in a manner which adversely affects the employer's interest may constitute disqualifying misconduct (*see Matter of Adorno [Commissioner of Labor]*, 12 AD3d 828 [2004]; *Matter of Rizzo [Commissioner of Labor]*, 307 AD2d 573 [2003]). In the case at hand, claimant stated that she did not ask for identification from the employee even though she knew he was under the age of 30, but entered his birth date into the cash register—based upon his verbal representation of his birth date—because she wanted it to count toward her quota. Inasmuch as this was in clear violation of the employer's known policy and such conduct was potentially detrimental to the employer's interest, substantial evidence supports the Board's finding of misconduct.

Cardona, P.J., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.