■ In the Matter of the Claim of CELIA A. POWELL, Appellant. COMMISSIONER OF LABOR, Respondent. [800 NYS2d 790]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 26, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant lost her employment as a psychiatric technician in a hospital due to disqualifying misconduct. "It is well settled that a claimant's failure to comply with the employer's policies and procedures may constitute disqualifying misconduct, especially in cases where the claimant is employed as a medical professional whose failure to adhere to prescribed safety procedures could jeopardize the safety of a patient" (*Matter of Martin [Commissioner of Labor]*, 299 AD2d 624, 624 [2002], *lv denied* 99 NY2d 507 [2003] [citations omitted]; *see Matter of Shene [Commissioner of Labor]*, 304 AD2d 942 [2003]). The record establishes that claimant was discharged after she tested a patient's blood glucose that resulted in an elevated level and, thereafter, failed to comply with the employer's policy that she verbally inform the registered nurse of the results immediately in order that proper and timely medical care could be administered. It was not until the registered nurse overheard claimant's conversation regarding the patient's elevated blood glucose level that claimant relayed the test results, resulting in a delay in the patient obtaining the appropriate treatment. Claimant's representation to the effect that she properly reported the results to the registered nurse created a credibility issue for the Board to resolve (*see Matter of Elewa [Commissioner of Labor]*, 249 AD2d 618, 618-619 [1998]).

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.