■ In the Matter of the Claim of JILL L. NICHOLAS, Appellant. COMMISSIONER OF LABOR, Respondent. [804 NYS2d 476]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 4, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a nurse practitioner and, as part of her responsibilities, was required to accurately document the treatments provided. Claimant was discharged from her employment when she indicated in a patient's medical chart a normal gynecological medical finding without performing an internal or external gynecological examination on the patient. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct. This appeal ensued.

"It is well settled that a claimant's failure to comply with the employer's policies and procedures may constitute disqualifying misconduct, especially in cases where the claimant is employed as a medical professional whose failure to adhere to prescribed safety procedures could jeopardize the safety of a patient" (*Matter of Martin [Commissioner of Labor]*, 299 AD2d 624, 624 [2002], *lv denied* 99 NY2d 507 [2003] [citations omitted]; *see Matter of Powell [Commissioner of Labor]*, 21 AD3d 1166, 1167 [2005]; *Matter of Rice [Commissioner of Labor]*, 289 AD2d 898, 899 [2001]). Although claimant characterizes her conduct as a mistake which does not rise to the level of disqualifying misconduct, she nevertheless agreed that her notation in the medical chart did not accurately reflect the procedure performed and she could have been more thorough. Moreover, claimant had previously been warned about her job performance and notified that any further indiscretions could lead to termination. Inasmuch as substantial evidence supports the Board's decision, it will not be disturbed (*see Matter of Kovalskaya [Com-*

*missioner of Labor]*, 16 AD3d 955, 956 [2005]; *Matter of Briere [Sweeney]*, 238 AD2d 647 [1997]; *Matter of Dennis [Westgate Nursing Home—Sweeney]*, 233 AD2d 730 [1996], *lv denied* 89 NY2d 811 [1997]).

Mercure, J.P., Crew III, Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.