In the Matter of the Claim of ROSE R. BOHMANN, Appellant. COMMISSIONER OF LABOR, Respondent. [815 NYS2d 344]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 22, 2005, which ruled that claimant was

disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

From October 2003 until May 2004, claimant was employed as the head teacher of a class of four-year-olds at a day-care center. She was discharged from her employment following an incident in which a parent complained of an unreported injury to her child while in claimant's care. Claimant's application for unemployment insurance benefits was subsequently denied on the ground that she was terminated due to misconduct. She now appeals.

We affirm. An employee's actions which have a detrimental effect upon an employer's interests and are contrary to established policies have been found to constitute disqualifying misconduct (*see Matter of Knight [Commissioner of Labor]*, 300 AD2d 727, 727 [2002]). Here, the employer's representative testified that she received a complaint from the mother of a child who had suffered a cut lip and who related that he had slipped off a table while in a room supervised by claimant. The representative stated that claimant, who had been previously warned about safety issues concerning her supervision, acknowledged that the child may have fallen off a snack table, but did not offer an explanation for not checking him over. She stated that the procedure that claimant should have followed was to examine the child and then fill out an accident report. Although claimant testified that she did not observe any injuries on the child after he fell and denied that he was injured while he was under her supervision, this presented a credibility issue for the Board to resolve (*see Matter of Wright [Commissioner of Labor]*, 249 AD2d 668, 669 [1998]). Under the circumstances presented, we find that substantial evidence supports the Board's decision (*see Matter of Johnson [Wayandanch Day Care Ctr.—Commissioner of Labor]*, 257 AD2d 823 [1999]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.