In the Matter of the Claim of STEPHEN DZUGAS-SMITH, Appellant. COMMISSIONER OF LABOR, Respondent. [875 NYS2d 320]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 6, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant was discharged from his employment due to disqualifying misconduct. "A claimant's failure to comply with an employer's policies or acting in a manner that is potentially detrimental to the employer's best interest may constitute disqualifying misconduct, particularly where prior warnings have been issued" (*Matter of Ruggiero [Commissioner of Labor]*, 45 AD3d 1161, 1162 [2007] [citations omitted]; *see Matter of Goldman [Bronx-Lebanon Hosp. Ctr.—Commissioner of Labor]*, 42 AD3d 847 [2007]). Here, the record reflects that claimant, a certified nursing assistant, failed to comply with a resident care plan that required the use of a commode when toileting a particular nursing home resident, as a result of which the resident dislocated his hip. Claimant previously had been warned regarding the need to follow resident care plans and advised that any future failure to comply could lead to dismissal. To the extent that claimant contends that the notation regarding the use of the commode was not added to the resident's care plan until after the resident was injured—an assertion that the employer denied—this presented a credibility determination for the Board to resolve (*see Matter of Miles [Commissioner of Labor]*, 54 AD3d 467, 468 [2008]; *Matter of Blake [Commissioner of Labor]*, 2

AD3d 1035, 1036 [2003]). Claimant's remaining contentions, including his assertion that the Administrative Law Judge erred in granting the employer's application to reopen the hearing and that he was denied the right to call witnesses to testify on his behalf, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.