In the Matter of the Claim of CAROL CEDRONE, Appellant. WARREN COUNTY HEAD START ACC CHILDCARE CENTER, Respondent; COMMISSIONER OF LABOR, Respondent. [896 NYS2d 481]—

Claimant worked as the lead teacher in charge of the infant room of a day-care facility. As part of her duties, claimant was responsible for ensuring that, in the event of an emergency, all children in the classroom were evacuated to the gymnasium. On February 7, 2008, the facility fire alarm went off due to a fire in the building's kitchen. It is undisputed that, in the course of evacuating her classroom during the fire alarm, claimant left a child behind in violation of the facility's safety policy. Claimant soon realized her mistake and retrieved the child unharmed. Her employment was immediately terminated. As a result of the incident, the matter was investigated by the Office of Children and Family Services. The facility was ultimately fined $500 and a negative mark was placed on its day-care license. Claimant subsequently applied for unemployment insurance benefits

and the Unemployment Insurance Appeal Board ruled that she was disqualified from receiving benefits on the ground that she was terminated for misconduct. The Board adhered to its decision upon reconsideration, prompting this appeal.

Claimant contends that, since this was an isolated incident, the Board erred in concluding that the actions that led to her termination rose to the level of misconduct supporting her disqualification from receiving unemployment benefits. We disagree. In order to constitute disqualifying misconduct, claimant's conduct "must either be detrimental to the employer's interest or a violation of a reasonable work condition" (*Matter of Marten [Eden Park Nursing Home—Commissioner of Labor]*, 255 AD2d 638, 638 [1998]; *see Matter of Martin [Commissioner of Labor]*, 299 AD2d 624 [2002], *lv denied* 99 NY2d 507 [2003]). While it is true that "[m]ere negligence or carelessness, although sufficient for termination, is not enough to disqualify a person from receiving unemployment insurance benefits" (*Matter of Marten [Eden Park Nursing Home—Commissioner of Labor]*, 255 AD2d at 638), here, substantial evidence supports the Board's conclusion that claimant's conduct was not simply negligent, but also a violation of an important safety policy and was clearly adverse to the facility's interest. Under these circumstances, we find no basis to disturb the Board's decision (*see Matter of Bohmann [Commissioner of Labor]*, 29 AD3d 1250, 1251 [2006]; *Matter of Bastian [Commissioner of Labor]*, 19 AD3d 915, 916 [2005]; *Matter of Johnson [Wayandanch Day Care Ctr.—Commissioner of Labor]*, 257 AD2d 823, 823 [1999]).

Cardona, P.J., Peters, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.