In the Matter of the Claim of DANIEL J. MEAGHER, Appellant. COMMISSIONER OF LABOR, Respondent. [932 NYS2d 391]—

Claimant worked as a registered nurse at a hospital for nearly nine years. He was terminated from his position after he, on two separate occasions, obtained refills of a patient's prescription medications without a physician's authorization in violation of the employer's established protocol. Claimant applied for unemployment insurance benefits, but the Unemployment Insurance Appeal Board disqualified him from receiving them on the ground that his employment was terminated for misconduct. Claimant appeals.

We affirm. The failure to comply with an employer's reasonable rules that has a detrimental effect on the employer's interest has been found to constitute disqualifying misconduct (see Matter of Sutton [Albany Med. Ctr.—Commissioner of Labor], 84 AD3d 1621, 1622 [2011]; Matter of Dzugas-Smith [Commissioner of Labor], 60 AD3d 1178, 1178 [2009]). Here, claimant admitted to getting a patient's prescriptions filled without the physician's knowledge or approval in clear violation of the employer's policy as well as his professional code of conduct. Although he asserted that he did this after he was repeatedly unable to reach the physician and he had followed this practice on prior occasions, this does not, under the circumstances presented, excuse claimant's behavior, which subjected the employer to potential adverse consequences (see Matter of Heintzleman [Commissioner of Labor], 288 AD2d 742, 743 [2001]; Matter of Smith [Primecare Med.—Commissioner of Labor], 269 AD2d 654 [2000], lv denied 95 NY2d 753 [2000]). Therefore, we find no reason to disturb the Board's decision.

Mercure, J.P., Lahtinen, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.