■ In the Matter of the Claim of Marie Burt, Appellant. Rapid Response Monitoring Services, Inc., Respondent; Commissioner of Labor, Respondent. [967 NYS2d 523]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 2, 2012, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, a control center specialist for an alarm/security monitoring company, was discharged for failing to follow the employer's procedures for responding to alarms despite being given prior warnings. Following a hearing, the Administrative Law Judge upheld the initial determination disqualifying claimant from receiving unemployment insurance benefits on the basis that she lost her employment through misconduct. The Unemployment Insurance Appeal Board affirmed, prompting this appeal by claimant.

We affirm. "A knowing violation of an employer's established policy or reasonable request may constitute disqualifying misconduct, particularly where, as here, the claimant has received prior warnings about similar behavior" (*Matter of Aguasvivas [Commissioner of Labor]*, 98 AD3d 787, 787 [2012] [citations omitted]; *see Matter of Cheek [Commissioner of Labor]*, 89 AD3d 1313, 1313-1314 [2011]). Here, the record shows that, during a 90-day probationary period imposed by the employer due to claimant's past difficulties with following alarm procedures, claimant failed to, among other things, notify the police after an alarm was triggered and the client could not be contacted. In light of the serious potential consequences for violating this policy, including possible liability for the employer (*see Matter of Cheek [Commissioner of Labor]*, 89 AD3d at 1313), we conclude that substantial evidence exists in the record supporting the Board's ruling that claimant's employment ended under disqualifying circumstances (*see Matter of Meagher [Commissioner of Labor]*, 89 AD3d 1269, 1269 [2011]).

Peters, P.J., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.