■ In the Matter of ADIL J. CHOHAN, Appellant. COMMISSIONER OF LABOR, Respondent. [968 NYS2d 417]—

Appeal from a decision of the Unemployment Insurance Ap-

peal Board, filed March 8, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a mail carrier, lost his employment following an incident whereby he was found to have left the employer's vehicle unattended with the engine running in violation of the employer's known policy. Claimant contested his discharge and, following an evidentiary hearing, an arbitrator concluded that there was just cause for his termination. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving unemployment insurance benefits on the basis that he lost his employment due to misconduct. This appeal ensued.

We affirm. Significantly, "as there was a full and fair opportunity to litigate the issue in the prior proceeding, collateral estoppel effect must be given to the arbitrator's factual findings regarding claimant's misconduct" (*Matter of Redd [Commissioner of Labor]*, 98 AD3d 791, 791 [2012], *lv denied* 20 NY3d 857 [2013] [internal quotation marks and citation omitted]; *see Matter of Mordukhayev [Commissioner of Labor]*, 104 AD3d 1005, 1006 [2013]). Here, inasmuch as the Board appropriately took into account the arbitrator's factual findings and made "an independent evaluation as to whether that conduct constitutes 'misconduct' for the purposes of unemployment insurance" (*Matter of Nwaozor [City of New York—Commissioner of Labor]*, 82 AD3d 1475, 1475 [2011]), we find no basis to disturb the Board's ruling. While claimant maintains that, at worst, the alleged conduct constituted an excusable error in judgment, the Board disagreed, noting that claimant had been counseled by the employer prior to this incident "for various safety violations." Notably, "[a] claimant's disregard of an employer's established procedures and policies, particularly where it is potentially detrimental to the employer's best interest" (*Matter of Song [Commissioner of Labor]*, 105 AD3d 1241, 1241 [2013]), may, as in this instance, be sufficient to constitute disqualifying misconduct (*see Matter of Cedrone [Warren County Head Start ACC Childcare Ctr.—Commissioner of Labor]*, 69 AD3d 1251, 1252 [2010]).

Peters, P.J., Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.