*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 31, 2014                518087
_____

In the Matter of the Claim of
    VICTOR C. MANIESON,
                    Appellant.

                                    MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  June 9, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

                    _____


        Victor C. Maineson, Albany, for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Bessie Bazile of counsel), for respondent.


                    _____



        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed December 3, 2013, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because his employment was terminated due to misconduct.

        Claimant worked as a direct support professional at a
facility operated by the employer, a nonprofit organization that
provides services to developmentally disabled adults.  Following
a number of instances in which claimant failed to follow the
employer's protocol governing the care of its clients, the
employer issued a final warning on May 15, 2013 advising him that
such further conduct could result in his termination.  The day
after claimant received this warning he committed additional
errors, including failing to adhere to established fire drill
procedures, failing to make sure that a client's dentures were in
place and failing to document the dispensing of vitamins to a
client.  Claimant's employment was terminated as a result.  The

Department of Labor issued an initial determination denying his claim for unemployment insurance benefits and, following a hearing, an Administrative Law Judge concluded that claimant had engaged in disqualifying misconduct and sustained this determination. The Unemployment Insurance Appeal Board affirmed this decision and claimant now appeals.

Initially, whether a claimant has engaged is disqualifying misconduct is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence (see Matter of Jaiyesimi [ISS Action Inc.—Commissioner of Labor], 114 AD3d 983, 983 [2014]; Matter of Hallock [Commissioner of Labor], 107 AD3d 1288, 1289 [2013]). A claimant's failure, despite repeated warnings, to follow the reasonable policies of an employer that, in turn, has a detrimental effect on the employer's interest has been held to constitute disqualifying misconduct (see Matter of Dzugas-Smith [Commissioner of Labor], 60 AD3d 1178, 1178 [2009]; Matter of Steadman [Commissioner of Labor], 55 AD3d 1124, 1124 [2008]). Here, evidence was presented that claimant consistently disregarded the employer's policies governing client care by, among other things, not documenting important medical information and ignoring safety precautions, to the detriment of the employer, even though he had received prior warnings regarding such conduct. Although claimant denied committing such errors and offered explanations for his conduct, his testimony presented a credibility issue for the Board to resolve (see Matter of Jenkins [Commissioner of Labor], 109 AD3d 1073 [2013]; Matter of Farnsworth [Ellis Hosp.-Commissioner of Labor, 108 AD3d 1008 [2013]; Matter of Oakes [Commissioner of Labor], 100 AD3d 1136 [2012]). Under the circumstances presented, substantial evidence supports the Board's finding that claimant's behavior rose to the level of disqualifying misconduct (see Matter of Ochs [Commissioner of Labor], 21 AD3d 1196, 1197 [2005]). We have considered claimant's remaining arguments and find them to be unpersuasive. Therefore, we find no reason to disturb the Board's decision.

Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court