## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  September 22, 2016                522549
_____

In the Matter of the Claim of
   BARBARA J. JOSLYN,
               Appellant.

                               MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
               Respondent.
_____


Calendar Date:  August 8, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____


     Barbara J. Joslyn, New Windsor, appellant pro se.

     Eric T. Schneiderman, Attorney General, New York City (Steven Koton of counsel), for respondent.

_____


     Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 14, 2015, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

     Claimant, a registered nurse with many years of experience, worked for a temporary staffing agency for approximately two years.  During this time, she was placed on assignment with the same client — a medical practice group.  In April 2014, claimant was administering tuberculosis tests to four children, which required injecting fluid from a syringe through a needle under the skin.  While performing the injections, claimant used an alcohol swab on one child that she already had used on another child and placed a used syringe with a recapped needle on the same examination table as other syringes that she had not yet used, which was contrary to standard nursing protocol and

procedures that were communicated to claimant prior to her taking the assignment. After the children's mother complained about claimant's actions, claimant was removed from the assignment and ultimately terminated from her employment with the staffing agency. The Department of Labor initially found her eligible to receive unemployment insurance benefits, and this determination was subsequently upheld by an Administrative Law Judge following a hearing. The Unemployment Insurance Appeal Board, however, reversed this decision and disqualified claimant from receiving benefits on the ground that she was terminated for misconduct. Claimant now appeals.

We affirm. "It is well settled that a claimant's failure to comply with an employer's policies and procedures may constitute disqualifying misconduct, especially in cases where the claimant is employed as a medical professional whose failure to adhere to prescribed safety procedures could jeopardize the safety of a patient" (Matter of Nicholas [Commissioner of Labor], 23 AD3d 979, 979 [2005] [internal quotation marks and citations omitted]; see Matter of Meagher [Commissioner of Labor], 89 AD3d 1269, 1269 [2011]). Here, claimant admitted that she mistakenly used an alcohol swab twice and that this was a violation of proper nursing protocol. Similarly, her action in placing the used syringe on a table with unused syringes, rather than promptly disposing of the used syringe in the proper container, also was contrary to established procedure. These violations could have very well caused harm to the children that claimant was treating and were detrimental to her employer's interests. Accordingly, we find that substantial evidence supports the Board's decision, and we decline to disturb it (see Matter of Nicholas [Commissioner of Labor], 23 AD3d at 979; Matter of Shene [Commissioner of Labor], 304 AD2d 942, 942 [2003]).

McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court