Matter of Zdunski (Commissioner of Labor) (2020 NY Slip Op 02512)





Matter of Zdunski (Commissioner of Labor)


2020 NY Slip Op 02512


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

528881

[*1]In the Matter of the Claim of Raymond R. Zdunski, Appellant. Commissioner of Labor, Respondent.

Calendar Date: March 23, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Kristina S. Heuser, PC, Locust Valley (Kristina S. Heuser of counsel), for appellant.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



Pritzker, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 12, 2018, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
Claimant worked as an account clerk in the business office of a public school district's board of cooperative educational services. In February 2018, the district principal sent claimant and other staff members an email notifying them that they were required to attend mandatory LGBTQ training later that month. Claimant responded that he would not attend the training because it was contrary to his religious beliefs. Thereafter, the human resources director informed claimant that he was required to attend another such training session that had been scheduled for May 2018. He again indicated that he would not attend the training session. The director, in turn, served him with a formal counseling memo advising him that his failure to attend the training session would result in discipline, including his termination. Claimant failed to attend the training session and was discharged as a result. His application for unemployment insurance benefits was denied on the ground that he engaged in disqualifying misconduct. The denial was upheld by an Administrative Law Judge following a hearing, and later by the Unemployment Insurance Appeal Board. Claimant appeals.
We affirm. Initially, whether an employee has engaged in disqualifying misconduct is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence (see Matter of Clay [Commissioner of Labor], 177 AD3d 1073, 1073 [2019]; Matter of Jianli Li [Commissioner of Labor], 170 AD3d 1418, 1418 [2019]). Notably, an employee's failure to comply with the employer's reasonable rules and procedures, resulting in behavior that is contrary to the employer's interests, has been found to constitute disqualifying misconduct (see Matter of Meagher [Commissioner of Labor], 89 AD3d 1269, 1269 [2011]; Matter of Bastian [Commissioner of Labor], 19 AD3d 915, 916 [2005]). This extends to an employee's failure to attend training deemed necessary by the employer (see Matter of Stanczyk [Commissioner of Labor], 78 AD3d 1408, 1409 [2010]). Here, claimant repeatedly refused to attend the mandatory training session despite being directed to do so by the employer and was advised that he would be terminated if he did not attend. Significantly, the training was an integral part of the employer's mission as a public educational institution. Accordingly, inasmuch as substantial evidence supports the Board's conclusion that claimant engaged in disqualifying misconduct, we decline to disturb its decision. Claimant's contention that he was denied an accommodation is belied by the record inasmuch as he did not request an accommodation, but merely refused to attend the training unless a similar training was required to educate people about the Christian community.
Egan Jr., J.P., Clark, Devine and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.