■ In the Matter of the Claim of STEPHEN J. ORLANDO, Appellant. COMMISSIONER OF LABOR, Respondent. [725 NYS2d 117] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 1, 2000, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a mail clerk for violating the employer's policy prohibiting the discarding of undeliverable or returned mail. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving benefits because he was terminated due to misconduct. Claimant now appeals and we affirm.

Substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct. It is well settled that failing to comply with the employer's established policies and procedures may constitute disqualifying misconduct (*see, Matter of Roman [Commissioner of Labor]*, 277 AD2d 589; *Matter of Singh [Commissioner of Labor]*, 273 AD2d 664). Here, the record reveals that claimant was not only informed of the employer's policy prohibiting the disposal of returned mail, but was aware that violation of the policy could lead to his discharge. To the extent that claimant testified that he only

discarded mail after having been instructed to do so, this presented a credibility issue for resolution by the Board (*see, Matter of Thompson [Commissioner of Labor]*, 275 AD2d 854; *Matter of Singh [Commissioner of Labor]*, *supra*).

Crew III, J. P., Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.