■ In the Matter of the Claim of MARILYNN ADORNO, Appellant. COMMISSIONER OF LABOR, Respondent. [784 NYS2d 262]—

---

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 24, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct.

Claimant was discharged from her employment as a shift supervisor for a drug store after she sold beer to an underage coworker without requesting proof of age. The record establishes that claimant was aware of the employer's zero tolerance policy regarding the sale of alcohol to minors and that employees were required to check proof of age before alcohol was sold. Failure to comply with an employer's known policies and procedures and acting in a manner contrary to the employer's best interest may constitute disqualifying misconduct (*see Matter of Orlando [Commissioner of Labor]*, 283 AD2d 750 [2001]; *Matter of Gewirtz [Commissioner of Labor]*, 276 AD2d 1011 [2000]; *Matter of Murray [Commissioner of Labor]*, 268 AD2d 746 [2000]). Here, claimant's disregard of the employer's policy could have jeopardized the employer's license to sell alcoholic beverages. Although claimant assumed that the coworker was over 21 years old because she had seen other managers sell alcohol to the coworker, this does not excuse claimant's own failure to abide by the employer's policy of checking proof of age. Under these circumstances, substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant lost her employment due to disqualifying misconduct.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.