■ In the Matter of the Claim of EVELYN M. OCHS, Appellant. COMMISSIONER OF LABOR, Respondent. [801 NYS2d 98]—

Lahtinen, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 20, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a personal care assistant for a home placement agency. While she was caring for one of the agency's clients, the client expressed her fear of being placed in a morgue upon her death and requested claimant to contact her son to obtain his cell phone number. In accordance with the client's

---

request, claimant telephoned the client's son at his home and obtained this information. This was contrary to the employer's policy which required that all contact with the family members of a client be conducted through an authorized supervisor. After the client's son complained about the call, claimant was terminated. The Unemployment Insurance Appeal Board ruled that she was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct. Claimant appeals.

We affirm. It is well settled that an employee's failure to comply with an employer's reasonable policies which is, in turn, detrimental to the employer's interest may constitute disqualifying misconduct (*see Matter of Adorno [Commissioner of Labor]*, 12 AD3d 828, 829 [2004]; *Matter of Kaissar [Commissioner of Labor]*, 3 AD3d 829, 830 [2004]). Here, claimant had direct contact with the client's son without going through an authorized supervisor in violation of the employer's policy. She was informed of this policy during orientation, as well as being advised that the failure to comply with it could result in her termination without warning. Inasmuch as the purpose of the employer's policy was to further compliance with the legal requirements relating to the disclosure of confidential medical information and otherwise promote the employer's best interest, substantial evidence supports the Board's finding that claimant was terminated for misconduct.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.