■ In the Matter of the Claim of IRWIN B. APPLEBAUM, Appellant. COMMISSIONER OF LABOR, Respondent. [816 NYS2d 389]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 8, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a telephone operator for a legalized wagering center accepting wagers over the telephone and processing them through his computer. Claimant was discharged from his employment for violating the employer's policy against placing a personal wager during working hours after he posted a bet to his wife's wagering account while at work. Claimant admitted to being aware of the employer's policy against placing personal bets while on duty. However, he claimed that the bet was placed on behalf of his wife, although there was no telephone call from her asking him to place the bet. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct. Inasmuch as substantial evidence supports the Board's decision that claimant acted contrary to the employer's known policy and such conduct could be potentially detrimental to the employer's best interests, we find no reason to disturb the Board's decision (*see Matter of Vesseliza [Commissioner of Labor]*, 22 AD3d 1011, 1011-1012 [2005]; *Matter of Adorno [Commissioner of Labor]*, 12 AD3d 828, 829 [2004]).

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.