■ In the Matter of the Claim of DEBORAH J. LIMONCELLI, Appellant. COMMISSIONER OF LABOR, Respondent. [820 NYS2d 665]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 27, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, a cook, was responsible for serving meals to residents of a health care facility. While she was preparing a meal on December 12, 2004, she failed to follow her employer's policy of checking the temperature of the food prior to serving it and of recording the temperature in the appropriate log. In fact, she indicated in the log that she did not have time to check the temperature of the food because she was too busy with other tasks. Claimant was discharged as a result and she filed a claim for unemployment insurance benefits. The Unemployment Insurance Appeal Board disqualified her from receiving benefits on the ground that she lost her employment due to misconduct. Claimant appeals.

We affirm. An employee's failure to follow an employer's reasonable policy which, in turn, has a detrimental effect upon the employer's interest has been found to constitute disqualifying misconduct (*see Matter of Ochs [Commissioner of Labor]*, 21 AD3d 1196, 1197 [2005]; *Matter of Ghoulian [Commissioner of Labor]*, 6 AD3d 908, 908 [2004]). Here, the purpose of the employer's policy was to ensure that food was served at the proper temperature in accordance with health regulations. It is undisputed that claimant knew of the policy and disregarded it on the date in question. Although testimony was presented at the administrative hearing concerning prior warnings that claimant had received about her work performance, the record does not substantiate her claim that documentation regarding the same was admitted into evidence. Notably, claimant was not precluded from cross-examining the witness who gave such testimony. Therefore, we find no reason to disturb the Board's decision.

Cardona, P.J., Mercure, Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.