■ In the Matter of the Claim of JACQUELYN M. CODY, Appellant. NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent; COMMISSIONER OF LABOR, Respondent. [829 NYS2d 729]—

Mugglin, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 10, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

In March 2004, claimant, a tenured guidance counselor employed by the New York City Department of Education, was charged with 42 specifications of misconduct for actions she committed during the 2001-2002 and 2002-2003 school years. Following a hearing pursuant to Education Law § 3020-a, at which she was found guilty of 38 specifications of conduct unbecoming her profession, she was terminated from her position and applied for unemployment insurance benefits. After multiple proceedings, the Unemployment Insurance Appeal Board determined that claimant was disqualified from receiving such benefits because she lost her employment due to misconduct. Claimant appeals.

We affirm. An employee's actions that are contrary to established policies and have a detrimental effect upon an employer's interests have been found to constitute disqualifying misconduct (see Matter of Limoncelli [Commissioner of Labor], 32 AD3d 1066, 1067 [2006]). Here, claimant's transgressions include her failure to report the possession of illegal drugs by one of her students, attempts to surreptitiously distribute an unauthorized survey on school property, and 36 instances of improper revisions to student records or transcripts. Notably, a review of the record reveals that, in each instance, claimant's behavior represented a departure from established procedures pertinent to faculty members engaged in similar activities or

confronted by like circumstances. Inasmuch as substantial evidence supports the Board's decision, we decline to disturb it (*see Matter of Stuber [Commissioner of Labor]*, 32 AD3d 1063, 1064 [2006]).

We have considered claimant's remaining arguments and consider them to be without merit.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.