■ In the Matter of the Claim of HARLAN RENNERT, Appellant. COMMISSIONER OF LABOR, Respondent. [846 NYS2d 404]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 25, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was terminated from his position as a service merchandiser for violating the employer's policy governing the disposal of outdated goods. Under this policy, dairy products that were nearing expiration were to be credited by the merchandise receiver at the store where they were sold prior to being removed and were then to be either destroyed or returned to the distributor. Claimant attempted to remove eight cases of nearly expired yogurt from a store, purportedly to donate it to a food bank, without following this procedure. The Unemployment Insurance Appeal Board disqualified him from receiving unemployment insurance benefits on the ground that he was terminated for misconduct. Claimant appeals.

We affirm. "An employee's failure to follow an employer's reasonable policy which, in turn, has a detrimental effect upon the employer's interest has been found to constitute disqualifying misconduct" (*Matter of Limoncelli [Commissioner of Labor]*, 32 AD3d 1066, 1067 [2006] [citations omitted]). Here, claimant violated a policy that provided the employer with both a means of financially accounting for outdated food products and of ensuring the safety of consumers. Inasmuch as this adversely affected the employer's interest, substantial evidence supports the finding of misconduct. Therefore, we decline to disturb the Board's decision.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.