■ In the Matter of the Claim of ROBERTA WHITFIELD, Appellant. GEICO INSURANCE COMPANY, Respondent; COMMISSIONER OF LABOR, Respondent. [896 NYS2d 699]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 13, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked for GEICO Insurance Company for approximately seven years in various capacities, the last of which was as a claims examiner. She applied for unemployment insurance benefits upon the termination of her employment and the Department of Labor issued an initial determination finding her ineligible. Following administrative proceedings, the Unemployment Insurance Appeal Board found that claimant was disqualified from receiving benefits because her employment was terminated due to misconduct, prompting this appeal.

"[A]n employee's failure to comply with an employer's reasonable policies which is, in turn, detrimental to the employer's interest may constitute disqualifying misconduct" (*Matter of Ochs [Commissioner of Labor]*, 21 AD3d 1196, 1197 [2005]; *see Matter of Rennert [Commissioner of Labor]*, 45 AD3d 1098, 1098 [2007]). Here, claimant admitted that she sent company documents containing personal information about customers, including their Social Security numbers and birth dates, to her personal e-mail address without proper authorization. This practice was in violation of GEICO's electronic communication policy, which claimant had signed. As such, we find that the Board's decision is supported by substantial evidence (*see Matter of Rennert [Commissioner of Labor]*, 45 AD3d at 1098; *Matter of Cody [New York City Dept. of Educ.—Commissioner of Labor]*, 37 AD3d 920, 921 [2007]).

We have examined claimant's remaining arguments and find them to be without merit.

Cardona, P.J., Peters, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.