■ In the Matter of the Claim of DANA T. STRANG, Appellant. MEMORY GARDENS, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [978 NYS2d 395]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 21, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, an administrative assistant, was discharged from her employment for violating the employer's written policy prohibiting the obtaining of confidential information pertaining to its business affairs and sharing such information with former employees. Following a hearing, the Administrative Law Judge upheld the initial determination disqualifying claimant from receiving unemployment insurance benefits on the basis that she lost her employment due to misconduct. The Unemployment Insurance Appeal Board affirmed, prompting this appeal.

We affirm. "An employee's violation of an employer's reasonable policy, which has a detrimental effect on the employer's interest, has been found to constitute disqualifying misconduct" (*Matter of Sutton [Albany Med. Ctr.—Commissioner of Labor]*, 84 AD3d 1621, 1622 [2011] [citations omitted]; *see Matter of Cheek [Commissioner of Labor]*, 89 AD3d 1313, 1313 [2011]). Here, claimant acknowledged that she was aware of the policy regarding confidential information. Further, she admitted to relaying information to a former employee about the employer's contemplated actions concerning that employee's application for unemployment insurance benefits. The employer's director testified that claimant told him that she obtained the information by listening in on his conversation with the firm handling the unemployment insurance claim. Claimant's contention to the contrary presented a credibility determination for the Board to

resolve (*see Matter of Song [Commissioner of Labor]*, 105 AD3d 1241, 1241 [2013]; *Matter of Hernandez [Commissioner of Labor]*, 98 AD3d 1185, 1185 [2012]). In our view, substantial evidence supports the Board's decision that claimant's conduct violated the employer's policies and was detrimental to its interest (*see Matter of Cedrone [Warren County Head Start ACC Childcare Ctr.—Commissioner of Labor]*, 69 AD3d 1251, 1252 [2010]; *Matter of Rennert [Commissioner of Labor]*, 45 AD3d 1098, 1098 [2007]). Therefore, we find no basis to disturb the Board's decision.

Rose, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.